433 So.2d 1 (1983)
David Ching LEE, Appellant,
v.
CERCOA, INC., a Florida Corporation, Appellee.
No. 81-1716.
District Court of Appeal of Florida, Fourth District.
February 9, 1983.
Rehearing Denied July 7, 1983.
Edward F. O'Connor of O'Connor, Baylor, Callas & Elliott, Palm Beach Gardens, for appellant.
Dennis J. Powers of Gunster, Yoakley, Criser & Stewart, P.A., Palm Beach, for appellee.
OWEN, WILLIAM C., Jr., Associate Judge.
Appellee, Cercoa, Inc., a corporation engaged in the business of manufacturing and marketing polishing compounds for glass and plastic materials, obtained injunctive relief against its former employee, appellant David Ching Lee, restraining him from utilizing the corporation's trade secrets. We affirm.
For over two years, Lee worked for appellee as a production manager. During that period, Lee became familiar with the manufacturing processes used by his employer. There was no express agreement preventing Lee from disclosing or using appellee's *2 manufacturing process. When appellee received information that Lee was going to use its trade secrets to start his own business to manufacture glass polishing compound, appellee terminated Lee and initiated this action.
The initial question for determination is whether a valid cause of action exists to protect an employer's trade secrets from disclosure or use by an employee (or former employee) absent an express contract restraining the employee from disclosing or using such secrets. We answer this in the affirmative. Where an employee acquires, during the course of his employment, a special technique or process developed by his employer, the employee is under a duty, even in the absence of an express contractual provision, not to disclose such skills, techniques or processes in his new employment for his own or another's benefit to the detriment of his previous employer.[1]Unistar Corp. v. Child, 415 So.2d 733 (Fla. 3d DCA 1982); Ferroline Corp. v. General Aniline & Film Corp., 207 F.2d 912 (7th Cir.1953); International Election Systems Corp. v. Shoup, 452 F. Supp. 684 (D.C.E.D.Pa. 1978); Greenberg v. Croydon Plastics Co., 378 F. Supp. 806 (D.C.E.D.Pa. 1974); Microbiological Research Corp. v. Muna, 625 P.2d 690 (Utah 1981); Packard Instrument Co. v. Reich, 89 Ill. App.3d 908, 45 Ill.Dec. 266, 412 N.E.2d 617 (1980); Capsonic Group, Inc. v. Plas-Met Corp., 46 Ill. App.3d 436, 5 Ill.Dec. 41, 361 N.E.2d 41 (1979); Ungar Electric Tools, Inc. v. Sid Ungar Co., 13 Cal. Rptr. 268, 192 Cal. App.2d 398 (1961).
Appellant next contends that the appellee failed to sustain its burden of proof that trade secrets were involved in the manufacture of glass polish compound.
A trade secret, whether it be a secret formula, process, pattern, device, or compilation of information is property which its owner makes use of to the exclusion of others. 2 Callman, Unfair Competition, Trademarks & Monopolies (3rd Ed.), Sec. 51.1, pp. 349-350. As a property right, the trade secret is protected against its appropriation or use without the owner's consent. The secret is of value only so long as it remains a secret. In an action based upon a secret process, the plaintiff must establish that (a) the process is a secret, (b) the extent to which the information is known outside of the owner's business, (c) the extent to which it is known by employees and others involved in the owner's business, (d) the extent of measures taken by the owner to guard the secrecy of the information, (e) the value of the information to the owner and to his competitors, (f) the amount of effort or money expended by the owner in developing the information, and (g) the ease or difficulty with which the information could be properly acquired or duplicated by others. International Election Systems Corp. v. Shoup, supra, Restatement of Torts § 757, comment b.
The trial court here found that appellee had a trade secret in the manufacture of glass polish. These secrets were identified as certain formulations of chemicals and certain techniques in the manufacturing process. Appellant argues that appellee failed to sustain its burden to establish that the foregoing were trade secrets, since, so he argues, all the information was published in literature or patented and the techniques and processes were known to others in this field. While the evidence to which appellant points would support an inference that many of the major elements of the appellee's process are the same as those known to others in this field, it is also sufficient to support the court's factual findings that the combination of elements into a complicated production process amounted to a trade secret and not merely a variation of a general process, see Ferroline Corp. v. General Aniline & Film Corp., supra, and that the appellant made a reasonable attempt to safeguard its process.
As a caveat, we point out that neither the injunction nor this court's decision prohibits *3 appellant from developing a polishing compound solely through the exercise of his training and experience possessed from working in his profession, so long as it does not utilize appellee's trade secrets nor copy appellee's process.
AFFIRMED.
BERANEK and DELL, JJ., concur.
NOTES
[1] However, this does not preclude a former employee from using, in competition with his former employer, methods of doing business and processes which are but skillful variations of general processes known to the particular trade.