506 So.2d 91 (1987)
Marvin E. MARSHALL, Appellant,
v.
Fred GORE, a/K/a F.L. Gore and M.R.B., Inc., a Florida Corporation, Appellees.
No. 86-1626.
District Court of Appeal of Florida, Second District.
May 1, 1987.
Deeann D. Athan of Diaz, Athan & Dee, P.A., Tampa, for appellant.
John H. Rains, III of Annis, Mitchell, Cockey, Edwards & Roehn, P.A., Tampa, for appellees.
CAMPBELL, Judge.
Appellant, Marvin E. Marshall, appeals the trial court order that enforced a noncompete clause and enjoined appellant from engaging in or being employed by any firm involved in the development and marketing of computer software, or in any business that competed with appellee, M.R.B., Inc.
Appellant, a ruminant nutritionist and a computer programmer, developed a formula and computer software for feeding dairy cows. Appellant contracted to work for M.R.B., Inc. The employment contract contained a noncompete agreement that appellant would not engage in the business of development or marketing of computer software, or in any business that competed with M.R.B., Inc. for five years from the date his employment ceased. The five-year period was later reduced to two years.
Appellant argues that the noncompete agreement violates section 542.33, Florida Statutes (1981) because the restrictions are not reasonably limited in time and area. We believe that under Auto Club Affiliates, Inc. v. Donahey, 281 So.2d 239 (Fla. 2d DCA 1973), the employer had a legitimate interest in protecting its business, and appellant had a legitimate interest in maintaining a livelihood. While we believe that an injunction was proper and was not an unreasonable restraint of trade, we question the breadth of the restrictions imposed. The evidence is sufficient to warrant the nationwide scope since appellee had sold forty-two software programs to dairies in Pennsylvania, Iowa, Wisconsin, Ohio, Vermont, Missouri and Oregon. It also advertised in a nationwide dairy publication. *92 However, we believe that the scope of the injunction prohibiting appellant from participating in any computer software business is too broad. Appellant should not be completely prohibited from all participation in the computer software business. See Capelouto v. Orkin Exterminating Co. of Florida, 183 So.2d 532 (Fla. 1966).
An injunction must state with reasonable certainty what the defendant is prohibited from doing. Somerstein v. City of Miami Beach, 319 So.2d 158 (Fla. 3d DCA 1975). It must not unduly restrict one's livelihood. Auto Club Affiliates, Inc. Appellant here is prohibited from participating in any business that relates to the development and marketing of computer software. Since appellee is not in the general business of developing and marketing computer software, the injunction protects more than appellee's legitimate business interests. The language of both the noncompete agreement and the court order is too broad since it applies to all computer software development; it does not limit its restriction of appellant's activities to those that compete with M.R.B., Inc.
We, therefore, affirm the imposition of an injunction, but reverse as to the scope of the order, and accordingly alter the trial court's order as follows: "Marvin E. Marshall shall not, for two years from the date of entry of the final judgment, directly or indirectly, engage in any business or be employed by any person, firm or corporation in the United States that competes with M.R.B., Inc. in the development and marketing of computer software for management and programming of dairy feeding programs."
SCHEB, A.C.J., and SANDERLIN, JJ., concur.