585 So.2d 1160 (1991)
Thomas MATHIEU and Harper Galleries Inc., Appellants,
v.
OLD TOWN FLOWER SHOPS INC., a Florida Corporation, Appellee.
No. 90-2468.
District Court of Appeal of Florida, Fourth District.
September 18, 1991.
*1161 Kenneth W. Lipman and Gary D. Fields, Siegel & Lipman, Boca Raton, for appellants.
Andrew D. Rafkin and William L. Epstein, Broad & Cassel, West Palm Beach, for appellee.
FARMER, Judge.
The only issue which we find merits discussion in this case where the chancellor enforced a non-competition covenant concerns the length of the period of the injunction. The covenant specifies that the period on non-competition begins to run "after the stockholder no longer owns any share of stock in the corporation", and the final judgment begins a five-year period of non-competition from the date that he entered the temporary injunction before trial. This has the effect, appellants argue, of pro tanto increasing the duration.
Even if it does, we agree with appellees that the chancellor had the discretion to do so. As the supreme court said in Capelouto v. Orkin Exterminating Company of Florida, 183 So.2d 532 (Fla. 1966):
Nevertheless, the chancellor's reasoning is apparent. He intended to give appellant approximately a month to arrange his affairs before the injunction would become effective. More important, he must have determined that under the contract the appellee-employer was entitled to have a period of two years during which the appellant-employee would not be in competition with it and in contact with its customers in the area involved. Inasmuch as the appellant had been in competition with the appellee continuously since his resignation, the chancellor must have determined that this was the only way to give appellee its two competition-free years. We can find no fault with this theory or the result of its application.
183 So.2d at 534.
But our problem is not with the chancellor's "extension" by application from the temporary injunction date. It is instead the length of the period of the covenant itself. We regard three years as the outside period that the court could have found reasonable. See, e.g., Marshall v. Gore, 506 So.2d 91 (Fla. 2d DCA 1987) (five year period reduced to two years); and Dorminy v. Frank B. Hall & Co., 464 So.2d 154 (Fla. 5th DCA 1985) (three year period not unreasonable; trial court's reduction to one and a half years reversed).
In Dorminy the court reasoned that the higher the position of the departing employee, the greater may be the reasonable period of non-competition. Here, appellant was not at the apex of the pyramid, but his position was still important. We might have found more than three years justified for someone at the very top of the corporate hierarchy, but for someone in his kind of lower-level sales position, we think that three years is as long as the law could enforce.
We therefore reverse only that part of the final judgment enjoining appellants from competing for a period of five years and remand to the trial court with instructions to reduce the duration to three years. In all other respects, the final judgment is affirmed.
AFFIRMED IN PART, AND REVERSED IN PART.
GLICKSTEIN, C.J., and STREITFELD, JEFFREY E., Associate Judge, concur.