641 So.2d 103 (1994)
LOVELL FARMS, INC., a Florida corporation, Appellant/Petitioner,
v.
Joseph LEVY, Appellee/Respondent.
Nos. 93-1653, 93-1657.
District Court of Appeal of Florida, Third District.
February 15, 1994.
Rehearing Denied August 31, 1994.
Timothy Carl Blake, Miami, for appellant.
Berger & Shapiro, and Leonard K. Samuels, Fort Lauderdale, for appellee.
Before NESBITT, JORGENSON and GERSTEN, JJ.
GERSTEN, Judge.
Appellant/petitioner Lovell Farms (employer), appeals from a non-final order denying a temporary injunction and seeks a writ of certiorari to quash an order denying protection of a trade secret. We affirm the denial of the temporary injunction. We also grant the writ, quash the order and remand for determination of whether the information in dispute is, in fact, a trade secret.
Employer, the owner of a nursery, hired Joseph Levy (employee), as a horticulturist. In August 1991, the parties entered into a five year non-compete agreement which restrained the employee from engaging in the *104 nursery business throughout most of South Florida. The parties dispute whether the employee resigned or was discharged following Hurricane Andrew. Subsequently, the former employee was hired as a horticulturist by a nursery in Naples, Florida.
The employer sought a temporary injunction to enjoin the employee from working for its competitor in Naples and from using its growing techniques which the employer alleged were trade secrets. Prior to any discovery requests, the employer also filed a motion for protective order of its alleged trade secrets. In the motion, the employer alleged that the employee used its trade secrets consisting of specialized growing techniques. The trial court, without making any factual findings, denied both the motion for protective order and injunctive relief.
The employer appeals the denial of the injunction asserting that the former employee violated the non-compete agreement by using the employer's trade secrets at his new job. The employee contends that there are no trade secrets in flower growing procedures.
For many years, courts narrowly construed section 542.33(2)(a), Florida Statutes (1989), governing non-compete agreements. In Capraro v. Lanier Business Products, Inc., 466 So.2d 212 (Fla. 1985), the court held that irreparable injury may be presumed upon proof of a breach of a valid covenant not to compete.
In 1990, the Legislature amended section 542.33(2)(a), Florida Statutes (Supp. 1990), with the intent of restricting the availability of injunctive relief and the existence of an irreparable injury. See Sun Elastic Corp. v. O.B. Industries, Inc., 603 So.2d 516, 517 (Fla. 3d DCA 1992). The relevant portion of section 542.33(2)(a) now provides:
[O]ne who is employed as an agent, independent contractor, or employee may agree with his employer, to refrain from carrying on or engaging in a similar business and from soliciting old customers of such employer within a reasonably limited time and area, so long as the buyer or any person deriving title to the goodwill from him, and so long as such employer, continues to carry on a like business therein. Said agreements may, in the discretion of a court of competent jurisdiction, be enforced by injunction. However, the court shall not enter an injunction contrary to the public health, safety, or welfare or in any case where the injunction enforces an unreasonable covenant not to compete or where there is no showing of irreparable injury. However, use of specific trade secrets, customer lists, or direct solicitation of existing customers shall be presumed to be an irreparable injury and may be specifically enjoined.

(emphasis supplied).
Because the Legislature has narrowed the grounds for enforceability of non-compete covenants, the exception for specific trade secrets cannot be allowed to consume the new rule. Employers now alleging violations of specific trade secrets must be held to their burden to plead and prove the "use" of "specific trade secrets." Hapney v. Central Garage, Inc., 579 So.2d 127, 134 (Fla. 2d DCA), review denied, 591 So.2d 180 (Fla. 1991); § 542.33(2)(a), Fla. Stat. (1991).
Further, the Legislature enacted section 688.002(4), Florida Statutes (Supp. 1988), which is identical to the Uniform Trade Secrets Act, and provides:
"Trade secret" means information, including a formula, pattern, compilation, program, device, method, technique, or process that:
(a) Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and
(b) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.
In Lee v. Cercoa, Inc., 433 So.2d 1, 2 (Fla. 4th DCA 1983), review denied, 444 So.2d 417 (Fla. 1984), the court set forth some criteria for determining whether a trade secret, in fact, exists:
[T]he plaintiff must establish ... (a) [that] the process is a secret; (b) the extent to which the information is known outside of *105 the owner's business; (c) the extent to which it is known by employees and others involved in the owner's business; (d) the extent of measures taken by the owner to guard the secrecy of the information; (e) the value of the information to the owner and to his competitors; (f) the amount of effort or money expended by the owner in developing the information, and (g) the ease or difficulty with which the information could be properly acquired or duplicated by others.
In order to ascertain whether trade secrets exist, the information at issue must be disclosed. Becker Metals Corp. v. West Florida Scrap Metals, 407 So.2d 380, 382 (Fla. 1st DCA 1981). The court must take protective measures to protect the interests of the holder of the trade secret privilege and the opposing party, and to further the interests of justice. Id.; § 90.506, Fla. Stat. (1991); Fla.R.Civ.P. 1.280(c)(7).
The court may conduct an in camera inspection to review whether the employer's information constitutes a trade secret. See Kavanaugh v. Stump, 592 So.2d 1231, 1232 (Fla. 5th DCA 1992); Austin v. Barnett Bank, 472 So.2d 830 (Fla. 4th DCA 1985); Scientific Games, Inc. v. Dittler Bros., Inc., 586 So.2d 1128, 1131 (Fla. 1st DCA 1991). Furthermore, a protective order can be sought in advance of the release of any documents. Showa Denko America, Inc. v. Hopkins, 586 So.2d 65 (Fla. 2d DCA 1991).
Applying these principles to this case, we determine that the threshold issue is whether or not the employer's flower growing technique is, in fact, a trade secret. As such, we remand this cause for either an in camera inspection of the documents which the employer claims would establish the existence of a trade secret, or an evidentiary hearing which may include expert testimony. See General Hotel & Restaurant Supply Corp. v. Skipper, 514 So.2d 1158 (Fla. 2d DCA 1987).
If the employer establishes the existence of a trade secret, the court must then determine whether the former employee used the specific trade secret at his new place of employment. § 542.33(2)(a), Fla. Stat. (Supp. 1990). Further, the court must state its factual findings, specifying whether 1) the disputed information constitutes a trade secret, and 2) the former employee used the specific trade secret in his new place of employment. See generally Eastern Cement Corp. v. Department of Envtl. Regulation, 512 So.2d 264, 266 (Fla. 1st DCA 1987).
Moreover, if the trial court finds the former employee used a specific trade secret in his new employment, then there is a presumption of irreparable injury. The court, then, must determine the reasonableness of the non-compete agreement's time and space restrictions and the employee's non-compete contract may be enforced by injunction. See Sun Elastic Corp., 603 So.2d at 518; Mathieu v. Old Town Flower Shops Inc., 585 So.2d 1160 (Fla. 4th DCA 1991) (the maximum period non-compete covenants should be enforced against low-level employees is three years).
However, if the court determines that no trade secrets are involved, then it must engage in the balancing test of the 1990 statutory amendment. The court must weigh the public interest, the potential effects on the employee, and the legitimate business interests of the employer, to determine the enforceability of the non-compete contract. Section 542.33(2)(a), Fla. Stat. (Supp. 1990).
An injunction cannot be granted upon mere allegation of the employee's "use" of "specific trade secrets." The presumption of irreparable injury, and thus the enjoinability of the employee's conduct, attaches only after the employer has proved the use of specific trade secrets. See Sun Elastic Corp., 603 So.2d at 516-17 (the presumption attached upon an admission of direct solicitation of existing customers).
Accordingly, we affirm the denial of the motion for temporary injunction, grant the writ of certiorari, quash the denial of the protective order, and remand for further proceedings.
Denial of temporary injunction affirmed; certiorari granted; order quashed.
JORGENSON, J., concurs.
*106 NESBITT, Judge, (dissenting and concurring):
I respectfully dissent. I would reverse the order denying the application for a temporary injunction. Under section 542.33(1), (2)(a), Florida Statutes (1993), the use of trade secrets creates a presumption of irreparable injury. The use of trade secrets may be enjoined. As we construed the statute in Sun Elastic Corp. v. O.B. Indus., 603 So.2d 516, 517 (Fla. 3d DCA 1992), irreparable injury refers to that type of injury, whether great or small, which may not be adequately addressed by an award of money damages. Farming is ever becoming a highly complex and sophisticated business. The appropriation of business secrets and their dissemination simply cannot be remedied by an award of money damages. I would grant a temporary injunction with an appropriate bond to protect the grower's former employee.
I dissent in part to the court's disposition of application for common law certiorari. Here, the grower is entitled to the benefit of the presumption that the claimed information did constitute a trade secret. However, the presumption may be dissipated by a proper evidentiary showing to the contrary by the former employee.
In other respects, I generally agree with the court.