664 So.2d 59 (1995)
Daniel J. THOMAS and Co-op Screw Manufacturing Corp., etc., Appellants,
v.
ALLOY FASTENERS, INC., etc., Appellee.
No. 95-1461.
District Court of Appeal of Florida, Fifth District.
December 8, 1995.
N. James Turner of N. James Turner, P.A., Orlando, for Appellants.
G. Robertson Dilg and Donald H. Gibson of Gray, Harris & Robinson, P.A., Orlando, for Appellee.
PER CURIAM.
Daniel Thomas and Co-op Screw Manufacturing Corp. appeal the order granting Alloy Fasteners, Inc.'s motion for a temporary injunction. For the reasons hereinafter set forth, we affirm as modified.
Appellants argue that an injunction cannot be issued based on the piracy of confidential order edit lists in the absence of evidence that they actually used any of the confidential information. Asserting a complete absence of such evidence, they rely on Lovell Farms, Inc. v. Levy, 641 So.2d 103 (Fla. 3d DCA 1994), to argue that reversal of the injunction is required. In Lovell, the *60 evidence established that the employee had entered into a covenant not to compete governed by paragraph 542.33(2)(a), Florida Statutes (Supp. 1990). This statute precludes a court from entering an injunction
contrary to the public health, safety, or welfare or in any case where the injunction enforces an unreasonable covenant not to compete or where there is no showing of irreparable injury. However, use of specific trade secrets, customer lists, or direct solicitation of existing customers shall be presumed to be an irreparable injury and may be specifically enjoined.

(Emphasis added). In recognition of the statute, the Lovell court held, "Employers now alleging violations of specific trade secrets must be held to their burden to plead and prove the `use' of `specific trade secrets.'" 641 So.2d at 104 (citations omitted). Without establishing that the trade secret was actually used, a former employer cannot obtain an injunction.
Appellee replies that it has not attempted to enforce any noncompete clause  none exists  but rather it is proceeding pursuant to the Uniform Trade Secrets Act, section 688.003, Florida Statutes (1993), which provides in pertinent part:
(1) Actual or threatened misappropriation may be enjoined.
* * * * * *
(3) In appropriate circumstances, affirmative acts to protect a trade secret may be compelled by court order.
(Emphasis added). We note that conspicuously absent from this statute is any requirement that the trade secret first be used before its use can be enjoined. Clearly a threatened misappropriation of trade secrets may be enjoined. § 688.003, Fla. Stat. (1993).
The order edit lists taken from Alloy's office by Appellant Daniel J. Thomas contained confidential information not available in the public domain, i.e., the mark-up on the items ordered and the profit margin thereof. The value of the lists lay not so much in the fact that the lists contained the names of customers, as in the fact that they revealed Alloy's pricing and profit structure. This information would obviously be important for a competitor in deciding by how much it could undercut Alloy's prices. Because there is more than sufficient evidence that Thomas misappropriated this confidential information, we affirm the issuance of the injunction.
We agree with Appellants, however, that the trial court did go too far in ordering Appellants not to contact or solicit Alloy's customers. No noncompete clause existed. There was no evidence that Appellants used trade secrets to lure Alloy's customers away from Alloy. Alloy employee Kevin Wilcox testified that customer lists are obtained by "telemarketing, phones, making calls... . You get a list, and start making cold calls, and see what the people need for supplies." There is nothing magical or secret about this method. The names are available from public sources and there was no secret as to the class of likely customers. In the absence of a noncompete contract, Thomas is free to contact old customers. See Mittenzwei v. Industrial Waste Serv., Inc., 618 So.2d 328 (Fla. 3d DCA 1993) (holding that in the absence of a noncompete clause, the former employee was free to contact anyone with whom she had established a relationship while employed by the former employer); Templeton v. Creative Loafing Tampa, Inc., 552 So.2d 288 (Fla. 2d DCA 1989) (holding that former employee could not be enjoined from using his contacts and expertise gained during prior employment where he knew customers on a first name basis, did not need a "secret" list to find them, and no great expertise was needed to gain the information); Keel v. Quality Medical Systems, Inc., 515 So.2d 337 (Fla. 3d DCA 1987) (reversing temporary injunction prohibiting former employee from soliciting the business of his former employer because the customer information was not shown to be confidential or a business or trade secret); Blackstone v. Dade City Osteopathic Clinic, 511 So.2d 1050 (Fla. 2d DCA 1987) (holding that former employee did not take trade secrets when he compiled list of potential clients from his memory, the phone book, and the clients themselves), review denied, 523 So.2d 576 (Fla. 1988). As this court stated in Langford v. Rotech Oxygen & Medical Equipment, *61 Inc., 541 So.2d 1267, 1268 (Fla. 5th DCA 1989), "Competition for business by a competitor is not an actionable interference, even if intentional... . This kind of competition for business is to be expected from former employees who are not bound by a noncompete contract. It is not actionable." Accordingly, that provision in the temporary injunction prohibiting Appellants from contacting or soliciting Alloy's customers is stricken.
AFFIRMED as MODIFIED; REMANDED.
DAUKSCH, GOSHORN and ANTOON, JJ., concur.