681 So.2d 1175 (1996)
BESTECHNOLOGIES, INC., Petitioner,
v.
TRIDENT ENVIRONMENTAL SYSTEM, INC., f/k/a Probac International Corporation, a Florida corporation; Environmental Biotech, Inc., a Florida corporation; and William Hadley, Respondents.
No. 96-03307.
District Court of Appeal of Florida, Second District.
October 11, 1996.
*1176 Lisa Elwell Bagwell of Blalock, Landers, Walters & Vogler, P.A., Bradenton, for Petitioner.
Andre R. Perron of Ozark & Perron, P.A., Bradenton, for Respondent Trident Environmental System, Inc., f/k/a Probac International Corporation.
Daniel Joy of Joy & Moran, P.A., Sarasota, for Respondents Environmental Biotech, Inc., and William Hadley.
ALTENBERND, Judge.
Bestechnologies, Inc., petitions this court for a writ of certiorari to quash an order requiring certain questions to be answered at a deposition of one of its employees. We deny the petition based upon our understanding of the trial court's confidentiality order.
Bestechnologies is not a party to the action in the circuit court. In that action, Trident Environmental Systems, Inc., f/n/a Probac International, has alleged that Environmental Biotech, Inc. (EBI), and William Hadley have misappropriated its trade secret. The trade secret involves a grease remediation system using particular bacteria, identified in the public record as serratia marcescens and serratia plymuthica. Through discovery, EBI seeks to develop evidence that such a bacterial process is not a trade secret, but rather, is a common process known to other competitors in this narrow field. EBI has deposed an employee of Bestechnologies to determine whether that company uses such bacteria in its grease remediation system. The witness refused to answer the questions at issue in this proceeding.
Without conducting an evidentiary hearing, the trial court ordered Bestechnologies' employee to answer questions concerning that company's knowledge and use of these bacteria. The court ruled that the discovery must remain confidential pending further order of the court. Bestechnologies filed this petition for certiorari in an effort to quash the trial court's order.
The definition of a "trade secret" in the Uniform Trade Secrets Act, includes "information" that "derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure," so long as the entity with the trade secret makes "efforts that are reasonable under the circumstances to maintain its secrecy." See § 688.002(4), Fla. Stat. (1995). Under this definition, the fact that several competitors each independently use a process that each has independently discovered would not necessarily mean this undisclosed information is no longer a trade secret. See generally Restatement (First) of Torts § 757 cmt. b (1939). The undisclosed information could still have actual or potential value, for example, in the sale of the business. On the other hand, the fact that every competitor had discovered the same process might be relevant to establish that the information was "generally known" and "readily ascertainable" to competitors. Buckley v. Seymour, 679 So.2d 220 (Ala. 1996). In this case, it may not be appropriate for the parties to know the actual process *1177 used by Bestechnologies, but they may be entitled to know whether that competitor is familiar with the bacteria used in the process that Trident has alleged to be a trade secret. Lovell Farms, Inc. v. Levy, 641 So.2d 103 (Fla. 3d DCA 1994).
Obviously, the questioning of a nonparty competitor in this type of lawsuit is a delicate matter. We interpret the trial court's order to require the attorneys for the parties and for Bestechnologies not to disclose either the questions or the answers during this deposition to anyone, including their clients, unless they can reach a stipulation concerning the disclosure or until the trial court has further reviewed the matter. Likewise, we interpret the confidentiality order to prevent the witness and his attorney from disclosing the questions or answers to anyone without prior order from the court. So long as the trial court has taken these steps to preserve the secret, there is no basis for this court to issue a writ of certiorari. See § 688.006, Fla. Stat. (1995).
Petition for writ of certiorari denied.
RYDER, A.C.J., and LAZZARA, J., concur.