DEL MONTE FRESH PRODUCE COMPANY and Del Monte Fresh Produce, N.A., Inc., Plaintiffs,

v.

DOLE FOOD COMPANY, INC. and Dole Fresh Fruit Company, Defendants.

Del Monte Fresh Produce Company and Del Monte Fresh Produce, N.A., Inc., Plaintiffs,

v.

Dole Food Company, Inc. and Dole Fresh Fruit Company, and Daniel W. Dr. Funk Defendants.

No. 00–1171–CIV–GOLD.

United States District Court, S.D. Florida.

May 21, 2001.

Carlos M. Sires, Kirkpatrick & Lockhart, Miami, FL, Stuart H. Singer, Boies Schiller & Flexner, Hollywood, FL, Edward Vassallo, Fitzpatrick Cella Harper & Scinto, New York, NY, for Plaintiffs Del Monte Fresh Produce Company and Del Monte Fresh Produce, N.A., Inc.

Harley S. Tropin, Kozyak Tropin & Throckmorton, Miami, FL, Frederick L. McKnight, Jones Day Reavis & Pogue, Los Angeles, CA, for Defendants Dole Food Company, Inc. and Dole Fresh Fruit Company.

Brian O'Neill, O'Neill Lysaght & Sun, Santa Monica, CA, Gerald J. Houlihan, Houlihan & Partners, Miami, FL, for Defendant Daniel W. Funk.

### ORDER GRANTING MOTION TO COMPEL

GOLD, District Judge.

**THIS CAUSE** is before the court upon the motion to compel (DE # 212) filed by Dr. Daniel W. Funk ("Dr.Funk"). Dr. Funk requests that Del Monte disclose the nature of its claimed "trade secrets" with reasonable particularity. In response, Del Monte argues that it has met its burden of specifying the nature of its trade secrets.

On March 29, 2001, the court heard arguments of counsel on Dr. Funk's motion to compel. For the reasons discussed herein, Dr. Funk's motion is granted.

## I. The Parties' Arguments

Dr. Funk claims that, in the past, Del Monte has permitted its witnesses to disclose the purported trade secrets with "reasonable particularity" because the information at issue is shielded by a protective order. According to Dr. Funk, Del Monte now has changed its position and is instructing its witnesses, particularly Hans Sauter, not to disclose the trade secrets. This, in turn, allegedly prevents Dr. Funk from defending against Del Monte's claim, which is for violations of Florida's Uniform Trade Secrets Act, Fla. Stat. § 688.003.

Del Monte's principal argument in opposition to Dr. Funk's motion is that it has identified the trade secrets at issue with sufficient particularity. It states that the only information Sauter has refused to disclose is: (1) the exact method of land preparation for cultivating MD–2 pineapple and (2) the names of the waxes that comprise the fruit coat formula.

## II. The Applicable Law

The parties' papers do not thoroughly discuss whether California or Florida law applies to this case. The court has conducted an independent inquiry into this issue, and, as discussed in the accompanying order on Del Monte's motion for a preliminary injunction, has concluded that there is no true conflict between the states' trade secret laws. As discussed below, the same is true for California's and Florida's positions regarding the production of trade secrets in trade secret misappropriation cases.

## A. California Law

In his motion to compel, Dr. Funk relies on California trade secret law. According to § 2019(d) of California's Civil Procedure Code, "In any action alleging the misappropriation of a trade secret under the Uniform Trade Secrets Act ... before commencing discovery relating to the trade secret, the party alleging the misappropriation shall identify the trade secret with reasonable particularity subject to any orders that may be appropriate...." In effect, California requires that, in a trade secret misappropriation case, discovery be postponed until a plaintiff identifies its trade secrets. *See Computer Econ., Inc. v. Gartner Group, Inc.,* 50 F.Supp.2d 980, 988 (S.D.Cal.1999) (discussing California statute and listing its purposes); *see also Imax Corp. v. Cinema Tech., Inc.,* 152 F.3d 1161, 1166–67 (9th Cir.1998) (requiring plaintiff to identify precise numerical dimensions of object allegedly constituting trade secret). Under California law, Del Monte clearly must produce the information at issue in this case.

## B. Florida Law

No other state has codified a rule similar to California Civil Procedure Code § 2019(d). This does not mean, however, that Florida would not require Del Monte to identify with reasonable particularity the trade secrets it claims Dr. Funk has misappropriated. In fact, the opposite is true.

A party who resists production of trade secrets in Florida usually does so under the state's statutory trade secret privilege, Fla. Stat. § 90.506.[1] *See, e.g., Auto Owners*

---

1. The commentary to this provision states that § 1060 of California's Evidence Code is similar. Section 90.506 of the Florida Statutes states:

> A person has a privilege to refuse to disclose, and to prevent other persons from disclosing, a trade secret owned by that person if the allowance of the privilege will

*Ins. Co. v. Totaltape, Inc.*, 135 F.R.D. 199, 203 (M.D.Fla.1990) (applying Florida statute); *Salick Health Care, Inc. v. Spunberg*, 722 So.2d 944, 946 (Fla. 4th DCA 1998) (discussing statute). Under Florida law, when the trade secret privilege is asserted as a basis for resisting production, the court must determine whether the information constitutes a trade secret. If it does, the court must require the party seeking production to show reasonable necessity for the requested materials. The party resisting discovery has the burden to show "good cause" for protecting discovery by showing that the information sought is a trade secret and that disclosure may be harmful. *See American Express Travel Related Svcs., Inc. v. Cruz*, 761 So.2d 1206, 1209 (Fla. 4th DCA 2000) (discussing and applying test); *Sheridan Healthcorp, Inc. v. Total Health Choice, Inc.*, 770 So.2d 221, 222 (Fla. 3d DCA 2000) (same). Although Del Monte does not specifically invoke the trade secret privilege, it relies on trade secret case law in its opposition to Dr. Funk's motion. These cases suggest that an in camera proceeding is necessary before a court orders that a trade secret be revealed or described with reasonable particularity.[2]

A closer look at the cases discussing Florida's trade secret privilege reveals that these cases are not applicable to this situation because none involves a claim under Florida's Uniform Trade Secrets Act. *See American Express Travel Related Svcs.*, 761 So.2d at 1207 (recovery of unpaid account charges); *Sheridan Healthcorp.*, 770 So.2d at 221 (hospital services rendered); *Salick Health Care*, 722 So.2d at 945 (breach of contract); *Beck v. Du-*

*mas*, 709 So.2d 601, 602 (Fla. 4th DCA 1998) (breach of contract). The common factor in all of the trade secret privilege cases is that the parties opposing production have asserted the privilege because they claim that trade secrets are not at issue in their cases. In the instant case, the opposite is true-the trade secrets are the ultimate issue to be decided by the court. By bringing a claim under the Uniform Trade Secrets Act, and thereby placing the trade secrets at issue, Del Monte essentially has waived its right to assert the trade secret privilege. *See Haney v. Mizell Mem. Hosp.*, 744 F.2d 1467, 1476 (11th Cir.1984) (finding that plaintiff waived psychotherapist-patient privilege by claiming damages for mental anguish); *In re Hillsborough Holdings Corp.*, 176 B.R. 223, 238–39 (M.D.Fla.1994) (stating that the law regarding waiver prevents a party from placing some privileged information into evidence for his own benefit and then arguing against disclosure). As a result, Florida's (and California's) trade secret privilege does not prevent disclosure of the information sought by Dr. Funk.

Although Florida has not enacted a statute like California's that compels disclosure of trade secrets, the same result is achieved under Florida's case law. As discussed above, the trade secret privilege does not apply to this case because the primary question to be resolved by the court is whether a trade secret exists. Florida courts recognize that "[i]n order to ascertain whether trade secrets exist, the information at issue must be disclosed." *Lovell Farms, Inc. v. Levy*, 641 So.2d 103,

---

not conceal fraud or otherwise work injustice. When the court directs disclosure, it shall take the protective measures that the interests of the holder of the privilege, the interests of the parties, and the furtherance of justice require.
Fla. Stat. § 90.506.

**2.** Although most cases discussing the trade secret privilege find that an in camera inspection is warranted, the comments to Fla. Stat § 90.506 indicate that a protective order is sufficient to satisfy the "protective measures" requirement.

105 (Fla. 3d DCA 1994) (quoting *Becker Metals Corp. v. West Florida Scrap Metals*, 407 So.2d 380, 382 (Fla. 1st DCA 1981)). Because Del Monte is asking this court to find that trade secrets exist and were misappropriated by Dr. Funk, Del Monte must reveal the information it ultimately seeks to protect.

In *Bestechnologies, Inc. v. Trident Environmental System, Inc.*, 681 So.2d 1175 (Fla. 2d DCA 1996), the court upheld this principle when it denied a petition for a writ of certiorari to quash an order compelling deposition testimony in a trade secret misappropriation action. Like Dr. Funk, the defendant in *Bestechnologies* sought to develop evidence that the plaintiff's processes were not trade secrets, but rather, common processes known throughout the industry. *Id.* at 1176. The trial court ordered production, but it ruled that discovery must remain confidential. *See id.* The appellate court held that it was appropriate for the defendants to know whether the plaintiff's competitors were aware of the plaintiff's processing techniques, so long as the trial court took measures to protect the secrets. *Id.* at 1177. It is significant that the information at issue in *Bestechnologies* is the same kind of information that Dr. Funk seeks to obtain in this case.

### C. Other States

Other states are in accord with California and Florida, which require Del Monte to disclose the trade secrets at issue with reasonable particularity. *See, e.g., Porous Media Corp. v. Midland Brake, Inc.*, 187 F.R.D. 598 (D.Minn.1999) (requiring that details concerning trade secret be disclosed early in litigation); *Xerox Corp. v. International Bus. Mach. Corp.*, 64 F.R.D. 367, 371 (S.D.N.Y.1974) ("To the extent that Xerox has not specified by which information contained in, referred to by, or incorporated by reference in the documents listed by Xerox are considered by Xerox to be trade secrets or confidential information, the Court believes that Xerox has failed to comply with the Special Master's instruction [that 'Xerox must specify that data and information which forms the bases of its cause of action.']"). Neither Del Monte nor the court's independent research has shown that any other state would arrive at the opposite result.

### III. Discussion

Under either California or Florida law, Del Monte must describe with reasonable particularity the trade secrets at issue in this case. Its contention that it already has done so is without merit. In reviewing the parties' arguments, the court agrees with Dr. Funk that it is almost impossible to ascertain what trade secrets Del Monte claims Dr. Funk has misappropriated. At most, the court has been able to determine that Del Monte claims that three areas of trade secrets are at issue: (1) the MD–2 litigation; (2) the use of pesticides and fungicides on pineapples; and (3) the glassy appearance of MD–2 fruit. *See* Trans.3/29/01, at 117. This information, however, is not specific enough for Dr. Funk to defend against Del Monte's allegations. For example, it is not clear what Del Monte claims is privileged about the MD–2 litigation. What was discussed in Dr. Funk's presence-litigation techniques, MD–2 growth processes, or information obtained from farmers in Del Monte's Costa Rica plantations? It also is not clear what aspect of Del Monte's pesticide and fungicide techniques are trade secrets. If Del Monte is claiming that Dr. Funk has misappropriated the percentage of concentration of certain chemicals, it need not specify the percentages, but it must tell Dr. Funk that Del Monte believes he has misappropriated the percentage of concentration of chemical "X" or that he has misappropriated the process for combining chemicals "X, Y, and Z". Also, all of this

information must be revealed in an organized fashion. Dr. Funk and the court should not have to piece Del Monte's allegations together by referring collectively to the vague claims contained in Del Monte's complaint, discovery responses, hearing transcripts, and opposition to Dr. Funk's motion to compel.

Because the factual issues in this case are so complicated and the possibilities of trade secrets are so vast, Del Monte must list and reasonably describe the trade secrets it seeks to protect. The following statement by Del Monte's own counsel describes why the court and Dr. Funk are having difficulties comprehending the nature of Del Monte's allegations: "I think there are probably so many trade secrets that the chief agricultural scientist for a company such as Del Monte over a period of this length of time has that we are dealing here with a multitude of those." *See* Trans. 3/29/01, at 118. While Del Monte states that there are many trade secrets, it does not provide any guidance as to what they may be. If a "multitude" of trade secrets really are at issue in this case, Del Monte cannot expect Dr. Funk to embark upon a fishing expedition to ascertain what those secrets are. Once Del Monte specifies this information, it can be assured that the trade secrets will be protected by the protective order that is in place in this case. It is therefore:

**ORDERED AND ADJUDGED** that Dr. Funk's motion to compel (DE # 212) is **GRANTED.**