NORTHCUTT, Judge.
Med-Data Infotech, Inc., sued Revello Medical Management, Inc., Martin Revello (collectively Revello), and others[1] seeking damages and injunctive relief for misappropriation of trade secrets. See Ch. 688, Fla. Stat. (2008). In simple terms, Med-Data claims that one of its former employees developed a software program to aid in medical insurance billing and that the employee took the program with him when he began working for Revello. Revello is marketing a computer program that Med-Data claims is based on its trade secrets. Med-Data sought to discover the computer source code used in Revello’s program and, over Revello’s objections that its program was a trade secret, the circuit court ordered it to produce the program to Med-Data’s expert. Revello seeks a writ of certiorari to quash the order. We grant the writ and quash the order requiring production.
Med-Data began this dispute when it brought suit asserting that its own trade secret had been misappropriated. It concedes that before proceeding with discovery in this kind of suit, the plaintiff must identify with reasonable particularity the nature of the trade secret involved. See Del Monte Fresh Produce Co. v. Dole Food Co., Inc., 148 F.Supp.2d 1322, 1325 (S.D.Fla.2001). The plaintiff must, as a threshold matter, establish that the trade secret exists. To do so, it must disclose *680 the information at issue. Lovell Farms, Inc. v. Levy, 641 So.2d 103, 104-05 (Fla. 3d DCA 1994). Med-Data contends that it has met its burden, but we disagree.
In response to a defense discovery request for its computer source code, Med-Data stated: “[a]s to source codes, [Med-Data] declines to publish the exact nature of the trade secrets.” Under Florida’s “at issue” doctrine, “[w]hen a party has filed a claim, based upon a matter ordinarily privileged, the proof of which will necessarily require that the privileged matter be offered in evidence,” he waives his right to claim that the matter is privileged in pretrial discovery. Savino v. Luciano, 92 So.2d 817, 819 (Fla.1957); Coates v. Akerman, Senterfitt & Eidson, P.A., 940 So.2d 504, 508 (Fla. 2d DCA 2006) (quoting Savino). Thus it is clear that Med-Data has neither identified with reasonable particularity the nature of its claimed trade secret nor established that it exists. As such, it was not entitled to discover the computer source code used in Revello’s program.
Still, Med-Data is entitled to some protection of its alleged trade secret in pretrial discovery. Ordinarily such matters should be submitted to the circuit court to conduct an in-camera review. But because the alleged trade secret is a computer program, the evidence of its existence likely will consist of computer source code. We presume this from the fact that Med-Data is seeking to discover the computer source code of Revello’s program in order to prove that Revello has misappropriated the alleged trade secret. If the circuit judge does not have the requisite experience in examining such code, he may wish to appoint a neutral computer expert to review Med-Data’s program. If it is established that Med-Data indeed has a trade secret to protect, the court may revisit its discovery request for Revello’s computer source code and Revello’s objections to discovery and craft similar protection for Revello’s alleged trade secret.
We grant the petition for writ of certio-rari and quash the order compelling discovery of Revello’s computer code.
ALTENBERND and WALLACE, JJ., Concur.

. The other parties in the circuit court proceeding did not join in or oppose this petition. We have omitted them from the style of this case to avoid confusion.