PER CURIAM.
Petitioner, AAR Manufacturing, Inc. (“AAR”), seeks certiorari relief from the trial court’s non-final order denying its motion for a protective order in this trade secret misappropriation action. Pursuant to the motion, AAR sought to prevent the discovery of its own trade secrets until such time as Respondent, Matrix Composites, Inc. (“Matrix”), had identified with reasonable particularity the trade secrets allegedly misappropriated by AAR, as required by the terms of the parties’ agreed-upon discovery order. Following an evi- *188 dentiary hearing, the trial court denied AAR’s motion, finding that Matrix had identified with reasonable particularity its trade secrets related to: (1) the trapped rubber molding process; (2) the resin transfer molding process; and (3) compression molding of continuous fiber thermoplastic composite. The trial court ordered AAR to produce within sixty days all documents requested in Matrix’s first request for production.
We are compelled to grant the petition to the extent the trial court concluded that Matrix identified with reasonable particularity the trade secrets associated with the resin transfer molding process and compression molding of continuous fiber thermoplastic composite. It is clear from the record that the parties and the trial court agreed the evidentiary hearing below was to be limited solely to the trade secrets related to the trapped rubber molding process. Matrix’s identification of the trade secrets associated with the resin transfer molding process and compression molding of continuous fiber thermoplastic composite was not before the trial court for its consideration. Accordingly, the trial court’s order is overbroad to the extent that it encompasses these two trade secret areas. However, we deny the instant petition to the extent that AAR challenges the trial court’s determination that Matrix identified with reasonable particularity its trade secrets involving its trapped rubber molding process because we conclude that there has been no departure from the essential requirements of the law. See McDonald’s Rests, of Fla., Inc. v. Doe, 87 So.3d 791, 793 (Fla. 2d DCA 2012).
Furthermore, we reject AAR’s argument that the trial court departed from the essential requirements of the law by failing to make a threshold finding that Matrix’s allegedly misappropriated trade secrets actually existed before ordering AAR to disclose its own trade secrets. In trade secret misappropriation cases, a plaintiff is required to identify with reasonable particularity the trade secrets at issue before proceeding with discovery. See Del Monte Fresh Produce Co. v. Dole Food Co., 148 F.Supp.2d 1322, 1324 (S.D.Fla.2001) (noting difference between trade secret misappropriation cases and cases involving trade secret privilege, and explaining trade secrets are ultimate issue to be decided by court in misappropriation cases). To the extent that Revello Medical Management, Inc. v. Med-Data Infotech USA, Inc., 50 So.3d 678 (Fla. 2d DCA 2010), can be read to require a threshold finding as to the existence of the trade secret in misappropriation cases, we reject that notion.
PETITION GRANTED in part; DENIED in part.
LAWSON, EVANDER and COHEN, JJ., concur.