407 So.2d 380 (1981)
BECKER METALS CORPORATION, Petitioner,
v.
WEST FLORIDA SCRAP METALS, Respondent.
No. AB-387.
District Court of Appeal of Florida, First District.
December 18, 1981.
*381 Eric C. Eggen, Pensacola, for petitioner.
James E. Moore of Moore & Anchors, Niceville, for respondent.
PER CURIAM.
By petition for writ of common law certiorari we are asked to quash an order compelling production of certain business records which are alleged to be trade secrets. We have jurisdiction. Art. V, § 4(b)(3), Fla. Const.; Rule 9.030(b)(2)(A), Fla.R.App.P.
Becker Metals Corp. (Becker Metals) contracted on February 6, 1979 with West Florida Scrap Metals Company, Inc. (West Florida) to purchase 35,000 pounds of No. 1 scrap copper to be delivered to Halstead Metal Products (Halstead), which was not made a party to this action.
Becker Metals sent a copy of a letter it received from Halstead to West Florida, advising that Halstead would accept only No. 1 scrap copper in a certain condition and packaged for shipping in a particular manner. All other shipments would be rejected. Apparently, West Florida executives feared rejection of a large copper shipment and refused to deliver. To fulfill its agreement with Halstead, Becker Metals covered by purchasing No. 1 scrap copper at a higher price from another company.
Becker Metals brought suit against West Florida for damages, seeking the difference between the cover price and the contract price. West Florida affirmatively defended by alleging that Becker Metals had fraudulently misrepresented that it would act as an agent or broker on West Florida's behalf; that as a result they were induced to execute the contract for delivery of copper to Halstead by their agent, Becker Metals; and that Becker Metals, as an agent, had no reason to cover without direction from West Florida. West Florida apparently determined to prove this, at least in part, by showing that Becker Metals acts as an agent or middleman in its regular course of business.
When Becker Metals resisted discovery, West Florida moved for production of business records and contracts. The lower court ordered production of contracts and records directly related to this transaction, inventory records, and all of Becker Metals' contracts for the purchase of No. 1 copper from any source for the period of January 23 to March 8, 1979.
Becker Metals argues that production of all contracts from January 23 to March 8 pursuant to paragraph 2 of the order would not only identify its clients, but that production would make public the terms of dealing with its clients. As a general rule, information sought to be discovered must relate to the issues involved in the litigation in which an attempt to compel is made. Everglades Protective Syndicate v. Makinney, 391 So.2d 262, 263-264 (Fla. 4th DCA 1980). While the contracts may provide information relevant to West Florida's affirmative defense, the petitioners have argued that the information is privileged as a trade secret under Section 90.506, Florida Statutes.[1]
The lower court did not indicate why it granted the motion to compel production, but we found no competent, substantial evidence in the record to support paragraph 2 of the order. If the contracts were found not to be trade secrets, it appears that this determination was made without a review of the contracts because they are not a part *382 of the record. Without examination of the items claimed to be a trade secret, how can a determination be reached?
On the other hand, if the lower court assumed that the items were trade secrets, it appears that production was permitted to confirm or deny West Florida's allegations of fraud. The trade secrets statute does not bar complete disclosure if a fraud will be concealed or an injustice will be worked. Having plead the affirmative defense of fraud, West Florida argues that it has a right to examine the Becker Metals contracts. However, if disclosure is necessary, the statute requires that a court take protective measures to: (1) protect the interests of the holder of the privilege; (2) protect the interests of the parties; and (3) further the interests of justice.
We find that there has been a departure from the essential requirements of law that will result in a material injury that is irreparable on appeal. Therefore, the lower court is hereby required to determine whether the Becker Metals contracts for the purchase of No. 1 scrap copper for the period of January 23 through March 8, 1979, constitute a trade secret. If so, the court is directed to permit discovery with safeguards to protect the secret nature of the information. Paragraph 2 of the lower court order is therefore quashed.
Certiorari granted.
SHAW, WENTWORTH and THOMPSON, JJ., concur.
NOTES
[1] 90.506 Privilege with respect to trade secrets.  A person has a privilege to refuse to disclose, and to prevent other persons from disclosing, a trade secret owned by him if the allowance of the privilege will not conceal fraud or otherwise work injustice. When the court directs disclosure, it shall take the protective measures that the interests of the holder of the privilege, the interests of the parties, and the furtherance of justice require. The privilege may be claimed by the person or his agent or employee.