592 So.2d 1231 (1992)
Robin KAVANAUGH and Michael Kavanaugh, Petitioners,
v.
Michael C. STUMP, et al., Respondents.
No. 91-2507.
District Court of Appeal of Florida, Fifth District.
January 31, 1992.
Ronald A. Nour, Ormond Beach, for petitioners.
David A. Monaco and Michael S. Orfinger, Monaco, Smith, Hood, Perkins, Loucks & Stout, Daytona Beach, for respondents.
DIAMANTIS, Judge.
This matter involves a petition for writ of certiorari to review an interlocutory order compelling discovery which, purportedly, requires production of petitioners' trade secrets to the respondents, who may be competitors of the petitioners. We deny the petition except as to item number 5 of respondents' request to produce which seeks discovery of certain customer information. We hold that the trial court's order requiring discovery of this customer *1232 information departs from the essential requirements of law and causes material injury to the petitioners which cannot be remedied on appeal.
Respondents filed suit against petitioners and one Richard Schmeltzer claiming that Schmeltzer had agreed, as part of a sale of a business, not to compete, advise, or assist others to compete against respondents for five years and that he has violated that agreement by assisting petitioners in their business. Respondents are seeking injunctive relief and damages. Petitioners have counterclaimed against respondents for tortious interference with business relations.
In a request to produce, the respondents requested, among other things, the following items:
5. All documents evidencing sales of products made and sold after August 1, 1991, which documents show or identify the product(s) sold, the price charged and paid by the customer, the name and address of the customer, the date of the sale and the commission paid to "Pat" Patton incident to each sale.
The trial court conducted an abbreviated hearing and failed to have an in camera inspection to determine if the matters sought by the respondents are protected as trade secrets and the extent of the protection that should be afforded them. Customer lists can constitute trade secrets where the lists are acquired or compiled through the industry of the owner of the lists and are not just a compilation of information commonly available to the public. East Colonial Refuse Service, Inc. v. Velocci, 416 So.2d 1276 (Fla. 5th DCA 1982). Valid customer lists and confidential business information are protected as trade secrets. Fortune Personnel Agency of Ft. Lauderdale, Inc. v. Sun Tech, Inc. of South Florida, 423 So.2d 545 (Fla. 4th DCA 1982); Section 90.506, Fla. Stat. (1989). Rule 1.280(c)(7) of the Florida Rules of Civil Procedure allows the court to protect discovery of a trade secret or other confidential research, development, or commercial information by prohibiting or restricting disclosure.
We reject the respondents' contention that the petitioners have waived all objection to disclosure of customer information by listing the names of certain customers in their counterclaim. Petitioners have waived the confidentiality of the names of the customers named in the counterclaim but they have neither waived the confidentiality of the names of other customers nor of other protected business information. The petitioners have not ceased to treat this latter information as confidential. Savino v. Luciano, 92 So.2d 817, 819 (Fla. 1957).
We remand this cause to the trial court to afford the parties sufficient time to present their arguments concerning whether the matters encompassed in item five of respondents' request are trade secrets and, if they are, a determination must be made as to the extent of the protection to be afforded them. It may be necessary for the trial court to conduct an in camera inspection of the matters requested by item 5 in order to resolve the issues involved in this proceeding.
We have also considered the petition as to the other matters ordered disclosed by the trial court and we find no merit in petitioners' contention regarding these items. Additionally, we would note that the trial court made no ruling regarding disclosure of a certain recipe book or books and that the trial court conceivably may not require disclosure of this particular matter. Therefore, it would be premature for us to rule upon it.
PETITION DENIED IN PART; GRANTED IN PART and REMANDED.
GOSHORN, C.J., and W. SHARP, J., concur.