PER CURIAM.
By petition for writ of common law certio-rari, we are asked to quash the trial court’s order compelling production of documents which are alleged to be trade secrets. We have jurisdiction. Art. V, § 4(b)(3), Fla. Const.; Rule 9.030(b)(2)(A), Fla.RApp.P. For the reasons set out below, we grant the petition, quash the trial court’s order and direct the court to inspect the requested documents in camera.
The respondent brought suit against two of its former employees and the competing corporation they established (the petitioners). In its suit alleging civil theft, appropriation of trade secrets and tortious interference with business relationships, the respondent requested that the petitioners produce categories of records and documents covering virtually every aspect of the new corporation’s operations. The petitioners objected to the requests for production claiming that the requested materials constituted the new corporation’s own protectable trade secrets. Ultimately, the petitioners filed a ‘"Verified Trade Secret List” where they set out their objections to producing several of the requested categories of documents, but indicated their willingness to submit the documents for inspection by a special master. The respondent filed a motion to compel production and, following a hearing, the trial court ordered production of the documents. The petitioners’ request that the documents be reviewed in camera was denied, and the instant proceedings were commenced in this court.
We ordered the respondent to show cause why the petition for writ of certiorari should not be granted. Having received no response, our consideration is limited to determining whether the petitioners’ claim is facially and legally sufficient. Kanji v. Valli, 621 So.2d 750, 751 (Fla. 5th DCA 1993).
In Becker Metals Corp. v. West Florida Scrap Metals, 407 So.2d 380 (Fla. 1st DCA 1981), this court found a departure from the essential requirements of law where, despite the assertion of a trade secret privilege, the trial court ordered production of documents without first conducting an examination of the documents. This court asked, rhetorically: ‘Without examination of the items claimed to be a trade secret, how can a determination be reached?” Id. at 382; see Lovell Farms, Inc. v. Levy, 641 So.2d 103 (Fla. 3d DCA 1994) (trial court may conduct an in camera inspection to determine whether the requested information constitutes a trade secret); Kavanaugh v. Stump, 592 So.2d 1231 (Fla. 5th DCA 1992). The same question might be asked in the instant case.[1]
Accordingly, we grant the petition for writ of certiorari, quash the trial court’s order of December 2, 1994 compelling production of documents, and direct the court to conduct an in camera inspection of the withheld documents.
BOOTH, MINER and MICKLE, JJ., concur.

. We reject the suggestion in the trial court's order that the petitioners’ objection was insufficiently specific. The fact that the petitioners asserted trade secret protection as to whole categories of requested documents rather than to specific, individual items did not render their objections nugatory so as to make in camera inspection unnecessary. A response to a request for production of documents need only set forth the objection and the reason for the objection. DeBartolo-Aventura, Inc. v. Hernandez, 638 So.2d 988, 990 (Fla. 3d DCA 1994). Moreover, Florida Rule of Civil Procedure 1.350(b) does not require that the objection specify individual items unless the objection relates to less than the whole requested category of documents. Because the petitioners' objections related to whole categories of requested documents, and not merely to individual documents or records, the objection was as specific as the rule requires.