709 So.2d 601 (1998)
Louis B. BECK, Ronald J. Jeffery and Computel Computer Systems, Inc., Petitioners,
v.
David DUMAS, Respondent.
No. 97-2617.
District Court of Appeal of Florida, Fourth District.
April 8, 1998.
*602 Howard K. Coates, Jr., Matthew Triggs and Kevin J. McCarthy of Proskauer Rose LLP, Boca Raton, for petitioners.
Gerald F. Richman and Kenneth L. Dobkin of Richman Greer Weil Brumbaugh Mirabito & Christensen, P.A., West Palm Beach, for respondent.
OWEN, WILLIAM C., Jr., Senior Judge.
Petitioners, (herein "Computel"), seek certiorari review of an order compelling disclosure, over objection, of certain computer trade secrets. Because we conclude that the order departed from the essential requirements of law causing material injury which cannot be remedied on appeal, see Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla. 1987), we grant certiorari and quash the order.
Computel, a developer and marketer of computer software, hired respondent, David Dumas, a computer programmer, to work on a certain property management software system for the hotel and restaurant industries. Dumas later resigned and brought this action. One of his claims is that Computel fraudulently induced him to enter into the employment (for compensation that included an equity position in the company) upon Computel's false representation that it had a proprietary interest in the property management software knowing, in fact, such software had been misappropriated from another.
As part of his discovery effort on that claim, Dumas served the following Requests for Production of Documents:
3. Copies of any and all versions of the source code and design documents related to the subject hotel software system, in their entirety. This request should be construed to include all programmer comments, "literals" and all software utilities or tools used in conjunction with the program.
4. Copies of any and all versions of the subject hotel software system, including but not limited to all versions of technical documentation in testing files.
After Computel served an objection to both numbered requests on the ground that the documents sought were protected by the trade secrets privilege of section 90.506, *603 Florida Statutes, Dumas' motion to compel production brought the matter to a hearing.
In Uniroyal Goodrich Tire Co. v. Eddings, 673 So.2d 131 (Fla. 4th DCA 1996), this court, adopting language from Rare Coin-it, Inc. v. I.J.E., Inc., 625 So.2d 1277 (Fla. 3d DCA 1993), set out the steps to be followed by the trial court when trade secret privilege is asserted as the basis for resisting production: the court must first determine whether the requested production constitutes a trade secret; if so, the court must require the party seeking production to show reasonable necessity for the requested materials; if production is then ordered, the court must set forth its findings.
The parties had agreed (for the purpose of the hearing) that the requested materials were a trade secret. Thus, the hearing was for Dumas to show reasonable necessity for the requested materials. The hearing was limited solely to argument of counsel, the court having rejected Computel's request for either an in camera inspection or an evidentiary hearing. Predictably, Dumas argued that the requested materials were essential to prove his claim that Computel had misappropriated the software from another, and that Computel should not be allowed to conceal its fraudulent conduct by asserting a trade secret privilege. Equally as predictable, Computel argued that to require it to produce the requested materials, particularly to a qualified software programmer and potential competitor such as Dumas, would in effect be "giving away the company." The court, despite its acknowledged lack of familiarity with the technical nature and significance of the requested materials, granted the motion to compel production finding (manifestly, on the basis of argument of counsel) that the plaintiff "has demonstrated a reasonable necessity for the production of the requested materials."
If Computel has been erroneously compelled by the order to disclose a trade secret it will have suffered material harm for which there would be no adequate remedy by appeal. The question before us is whether the court departed from the essential requirements of law by ordering Computel to disclose its trade secret without first conducting either an in camera inspection or an evidentiary hearing. We think so, given the sophisticated and highly technical nature of the requested materials.
The broad judicial discretion which the trial court enjoys in ruling on discovery matters of this type cannot properly be exercised in a vacuum or on a mere whim. The court needs sufficient insight into the relevant factors which must be weighed before deciding the competing interests of the respective parties. Conceivably, on a matter with which the court is familiar and which is not the subject of a genuine factual dispute, argument of counsel might well suffice. But here the matters were of a highly technical nature, and the court candidly acknowledged its lack of familiarity with the requested materials. Under the circumstances, and given the inherent nature of advocacy, the court needed more than the argument of Dumas' counsel that he "needed" the materials upon which to base its decision to override Computel's statutory privilege against disclosure.
We hold that the trial court departed from the essential requirements of law in denying Computel an evidentiary hearing on the issue of reasonable necessity.
Certiorari granted.
GUNTHER and STEVENSON, JJ., concur.