770 So.2d 221 (2000)
SHERIDAN HEALTHCORP, INC., and Sheridan Children's Healthcare Services, Inc., Petitioners,
v.
TOTAL HEALTH CHOICE, INC., and Primecare International, Inc., Respondents.
No. 3D00-2545.
District Court of Appeal of Florida, Third District.
October 25, 2000.
Eric B. Tilton, Fort Lauderdale, for petitioners.
Frank P. Rainer, Fort Lauderdale, and Steven E. Siff, Miami, for respondents.
Before SCHWARTZ, C.J., and SHEVIN, and RAMIREZ, JJ.
PER CURIAM.
Petitioners, Sheridan Healthcorp, Inc. and Sheridan Children's Healthcare Services, Inc. (collectively "Sheridan") seek a writ of certiorari to quash a trial court order relating to the discovery requests of Total Health Choice, Inc. and PrimeCare International, Inc. We grant the petition and quash the order of the trial court.
Sheridan are Florida corporations that provide health care services to patients in a number of Florida hospitals. Total Health Choice is a Florida licensed HMO providing coverage to its insureds. Sheridan and Total Health Choice have no contractual relationship with each other; however, Sheridan has billed Total Health Choice for its services rendered to patients *222 insured by Total Health Choice. Sheridan claims that Total Health Choice owes it more than $178,000.00. Total Health Choice has attempted to file a counterclaim against Sheridan alleging antitrust violations, but the trial court denied leave to amend as such claims do not constitute compulsory counterclaims.
Total Health Choice sought discovery of Sheridan's contracts with various hospitals. Despite its denial of the amendment to assert antitrust claims, the trial court conditionally granted Total Health Choice's request on July 10, 2000. After Sheridan complied with that order, Total Health Choice moved for a second order compelling production and copying of documents, which the court granted on August 31, 2000. Sheridan had objected to the discovery requests, contending that the information sought was irrelevant and privileged. Although Total Health Choice's motion suggested that an in camera inspection may be necessary, the trial court did not order such an inspection. Sheridan was ordered to produce the requested documents.
The standard for granting a writ of certiorari for a non-final order is: (1) the order to be reviewed must constitute a departure from the essential requirements of law; (2) the order must cause material injury through subsequent proceedings; and (3) the injury must be irreparable, i.e., one for which there will be no adequate remedy after final judgment. See Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla.1987). Sheridan contends that the trial court's discovery order improperly impinges on its trade secret privilege.
A "trade secret" is defined in section 688.002(4), Florida Statutes, as:
information, including a formula, pattern, compilation, program, device, method, technique or process that: (a) derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and (b) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.
Section 90.506, Florida Statutes (1999) further provides,
A person has a privilege to refuse to disclose, and to prevent other persons from disclosing, a trade secret owned by that person if the allowance of the privilege will not conceal fraud or otherwise work injustice. When the court directs disclosure, it shall take the protective measures that the interests of the holder of the privilege, the interests of the parties, and the furtherance of justice require.
Rule 1.280(c)(7), Florida Rules of Civil Procedure, provides that upon motion by a party from whom discovery is sought, and for good cause shown, the court may order that a trade secret not be disclosed or be disclosed only in a designated way.
When the trade secret privilege is asserted as the basis for resisting production, the trial court must determine whether the requested production constitutes a trade secret; if so, the court must require the party seeking production to show reasonable necessity for the requested materials. See Rare Coin-it, Inc. v. I.J.E., Inc., 625 So.2d 1277, 1278 (Fla. 3d DCA 1993). If production is then ordered, the court must set forth its findings. Id. at 1279. This determination will usually require that the trial court conduct an in camera inspection of the materials in question to determine whether they contain trade secrets. See American Express Travel Related Servs. v. Cruz, 761 So.2d 1206 (Fla. 4th DCA 2000). As previously noted, this was not done by the trial court in this case.
Accordingly, we grant the petition for writ of certiorari and direct the trial court to conduct an in camera inspection of the requested contracts and to make findings of fact in order to determine: (1) whether they constitute "trade secrets"; and if so *223 (2) whether the necessity for the production of the contracts outweighs the interest in maintaining their confidentiality.