GREEN, J.
General Caulking & Coating Co., Inc., petitions this court for a writ of certiorari to review and quash the trial court’s order denying its “Motion to Quash Subpoena or in the Alternative Motion for Protective Order.” Because we find that the trial court departed from the essential requirements of the law, by ordering production of information and documents claimed to be trade secrets without conducting the requisite in camera inspection and making the necessary findings of fact, we grant the petition and quash the order under review.
This matter arises out of a construction project located in Miami-Dade County. Bovis Lend Lease, Inc., was the general contractor on the project. Bovis negotiated with J.D. Waterproofing, Inc., for the latter to perform the waterproofing work on the project. The parties entered into a letter of intent, but never contracted for the performance of the work. Bovis subsequently entered into a sub-contract with petitioner, General Caulking, to perform the waterproofing on the project.
J.D. Waterproofing brought suit against Bovis for breach of contract. General Caulking is not a party in the lower court action. Subsequently, J.D. Waterproofing served General Caulking with a subpoena duces tecum requesting, among other things, the bid and payment information for the project. General Caulking filed its Motion to Quash Subpoena or in the Alternative Motion for Protective Order asserting that the subpoena sought confidential business and trade secret information. The trial court heard General Caulking’s motion during motion calendar, and summarily denied the same. This petition followed:
It is a well-established principle of procedure that:
[w]hen the trade secret privilege is asserted as the basis for resisting production, the trial court must determine whether the requested production constitutes a trade secret; if so, the court must require the party seeking production to show reasonable necessity for the requested materials.... If production is then ordered, the court must set forth its findings.
Sheridan Healthcorp, Inc. v. Total Health Choice, Inc., 770 So.2d 221, 222 (Fla. 3d DCA 2000), (citing Rare Coin-it, Inc. v. *509 I.J.E., Inc., 625 So.2d 1277, 1278-79 (Fla. 3d DCA 1993)). Because the order under review makes no specific findings as to why it deemed the requested information not to be protected by the trade secret privilege we find that “it departs from the essential requirements of the law for which no adequate remedy may be afforded to petitioners on final review.” Arthur Finnieston, Inc. v. Pratt, 673 So.2d 560, 562 (Fla. 3d DCA 1996). Accordingly, we grant the petition for writ of certiorari, quash the order under review, and instruct the trial court to conduct an in camera inspection of the requested documents to make findings of facts determining whether the documents constitute trade secrets, and if so, whether the need for producing the documents outweighs the interest in maintaining their confidentiality. See Sheridan Healthcorp, 770 So.2d at 223.
Certiorari granted.