SUAREZ, J.
Cooper Tire & Rubber (“Cooper”) petitions this Court for a writ of certiorari to quash an order below compelling production of documents Cooper claims are protected from discovery by the trade secret privilege. This Court has jurisdiction pursuant to Article V, section 4(b)(3), Florida Constitution and Rule 9.030(b)(2), Florida Rules of Appellate Procedure. See Allstate Ins. Co. v. Langston, 655 So.2d 91 (Fla.1995). We grant the petition for writ of certiorari with instructions, as the trial court departed from the essential requirements of law by compelling production of the requested documents without first making the required findings as to whether the documents in question are, in fact, trade secrets and, if so, whether the plaintiff has proven reasonable necessity requiring the documents’ production.
In 2010, the personal representative of the estate of the Guzman family sued Cooper for negligent design and manufacture of its tires after the Guzmans’ Ford Explorer was involved in an accident. The Guzmans’ personal representative submitted a number of discovery requests including the subject interrogatories and requests for production. Cooper objected to some requests on relevancy because the interrogatories and requests for production were not all confined to information about substantially similar tires. Cooper also objected to a number of requests on grounds that the requested documents were protected by the trade secret privilege and, pursuant to court order, filed those documents with the court for in camera inspection. At the same time, Cooper filed Defendant Cooper Tire & Rubber Company’s Motion for Entry of a Protective Order of Confidentiality, pertaining to the privileged documents the trial court ordered produced. The Guzmans’ repre *733 sentative filed a motion to compel with supporting memorandum and exhibits including an affidavit from their tire expert. Cooper filed a response in opposition to the motion to compel with exhibits. At the hearing on the motion to compel, after testimony from the Guzmans’ representative’s tire expert and submission of memo-randa by both parties, the trial court ordered that all documents already produced by Cooper for in camera inspection were relevant, subject to discovery, and were to be produced. With regard to trade secrets, the trial court, in the same order, granted Cooper’s Motion for Entry of a Protective Order of Confidentiality and ordered that:
The Defendant does have an interest in protecting its trade secrets and the court agrees that there is information in the documents produced that may rise to that level. Therefore, this [court] GRANTS Cooper’s Motion for Protective Order of Confidentiality and the documents this court has ordered produced shall be subject to this protection, (emphasis supplied)
This Petition for Writ of Certiorari follows.
Cooper argues on petition for writ of certiorari that the trial court departed from the essential requirements of law and created irreparable injury when it ordered the production of documents claimed to be trade secrets but failed to make specific findings in its order on the reasonable necessity of production of the requested documents. Further, Cooper argues, if the trial court were to determine that reasonable necessity exists, it was obligated to set forth specific findings for the appellate court to have a sufficiently detailed record to review.
Orders improperly requiring the disclosure of trade secrets, even providing for confidentiality limitations, are subject to certiorari review. Grooms v. Distinctive Cabinet Designs, Inc., 846 So.2d 652 (Fla. 2d DCA 2003). Disclosure of discovery material that may reasonably cause material injury of an irreparable nature includes “eat-out-of-the-bag material” that could be used to injure another person or party outside of the context of litigation, such as trade secrets. See Langston, 655 So.2d at 94. If a trial court orders production of a trade secret, it must first demonstrate the reasonable necessity of the production and set forth its findings on why reasonable necessity has been demonstrated. See Arthur Finnieston, Inc. v. Pratt, 673 So.2d 560 (Fla. 3d DCA 1996); Rare Coin-It, Inc. v. I.J.E., 625 So.2d 1277 (Fla. 3d DCA 1993); see also Gen. Caulking Coating Co. v. J.D. Waterproofing, Inc., 958 So.2d 507, 508 (Fla. 3d DCA 2007) (holding that once determination of reasonable necessity has been made, the trial court must set forth its findings in the order requiring production).
The trial court, prior to ordering production of the documents Cooper claimed to be protected from discovery by trade secrets, failed to make any findings as to whether any or all of the documents in question were protected by the trade secret privilege. The trial judge apparently thought that some of the documents contained trade secrets since, in the same order, relying on “an interest in protecting [Cooper’s] trade secrets,” the trial court limited the scope of the production of the trade secret documents by granting Cooper’s Motion for Protective Order of Confidentiality, and authorized disclosure of confidential material only to persons “in connection with trial preparation in this case.” That being so, the trial court failed to set forth in its order the required findings as to why the production of such documents was reasonably necessary. See KPMG LLP v. State Dep’t of Ins., 833 So.2d 285 (Fla. 1st DCA 2002); Rare *734 Coin-It, Inc., 625 So.2d at 1277; Gen. Caulking Coating Co., 958 So.2d at 508.
We therefore grant Cooper’s petition for writ of certiorari and quash the order below. On remand, the trial court is instructed to first make a determination as to what documents in question, if any, are trade secret. As to those that are, the trial court is to then make a determination of reasonable necessity and, if it so finds, it is to supply the findings in support of its determination. See Rare Coin-It, Inc., 625 So.2d at 1277; see also Va. Elec. & Lighting Corp. v. Koester, 714 So.2d 1164 (Fla. 1st DCA 1998) (holding that because the order failed to specify what trade secrets existed and to set forth findings of fact supporting a conclusion that disclosure of the trade secrets was reasonably necessary to resolve the issues in dispute, it constituted a material departure from the essential requirements of law).
Petition for Writ of Certiorari granted, remanded with instructions.