# Third District Court of Appeal

**State of Florida**

Opinion filed November 26, 2014.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-973
Lower Tribunal No. 13-30743
_____

**Sea Coast Fire, Inc., etc.,**
Petitioner,

vs.

**Triangle Fire, Inc., and Andres Davila,**
Respondents.

A Writ of Certiorari to the Circuit Court for Miami-Dade County, Abby Cynamon, Judge.

Bello, Martinez & Ramirez, P.L., and Joel A. Bello, for petitioner.

Cadogan Law, and Gina Marie Cadogan, for respondents.

Before SHEPHERD, C.J., and EMAS and LOGUE, JJ.

LOGUE, J.

Sea Coast Fire, Inc., seeks certiorari review of discovery orders that compel it to disclose alleged trade secrets to Triangle Fire, Inc., a business rival. Because

the disclosure of trade secrets can cause irreparable harm, and because the trial court departed from the essential requirements of law by ordering the production of the materials without determining whether the requested documents were trade secrets, we grant the petition and quash the discovery orders.

Facts

Triangle Fire is a fire equipment provider and service company that had employed Andres Davila as a sales representative. As part of his employment contract, Davila signed a non-competition and non-solicitation agreement ("the Agreement"). The Agreement prohibited Davila from, among other things, (a) disclosing certain confidential information, such as client pricing information, marketing strategy, and forecasts for particular clients, (b) working for any business similar to Triangle Fire, and (c) soliciting business from any of Triangle Fire's current customers or helping any entity do so.

Davila left Triangle Fire and began working for a rival fire equipment service company, Sea Coast Fire. Triangle Fire ultimately brought suit against both Davila and Sea Coast Fire. In regards to Davila, Triangle Fire alleged breach of the Agreement, tortious interference, and misappropriation of trade secrets, proprietary information, and confidential information. With respect to Sea Coast Fire, Triangle Fire alleged tortious interference with a non-compete covenant, tortious interference with business relationships, and misappropriation of trade secrets.

2

In the course of the litigation, Triangle Fire submitted interrogatories and requests for production seeking information regarding Sea Coast Fire's customer lists, customer contact information, and pricing information. Sea Coast Fire objected and filed a motion for a protective order. It alleged that Triangle Fire sought trade secret information. Triangle Fire contended the requested materials were not trade secrets.

Without conducting an in camera inspection of the requested information or holding an evidentiary hearing, the trial court ordered the production of the discovery. Two days later, the court entered a second order limiting the discovery to certain dates. This petition followed.

<u>Analysis</u>

To support a writ of certiorari, the petitioner must demonstrate that the challenged non-final order (1) departs from the essential requirements of law, (2) results in material injury for the remainder of the case, and (3) such injury is incapable of correction on postjudgment appeal. <u>Citizens Prop. Ins. Corp. v. San Perdido Ass'n, Inc.</u>, 104 So. 3d 344, 351 (Fla. 2012). The last two elements are sometimes referred to as irreparable harm, the establishment of which is a condition precedent to invoking certiorari jurisdiction. <u>Nader v. Fla. Dep't of Highway Safety & Motor Vehicles</u>, 87 So. 3d 712, 721 (Fla. 2012); <u>Miami-Dade Cnty. v. Dade Cnty. Police Benevolent Ass'n</u>, 103 So. 3d 236, 238 (Fla. 3d DCA

2012). The disclosure of "cat-out-of-the-bag material" information, such as trade secrets, can constitute irreparable harm. Cooper Tire & Rubber Co. v. Cabrera, 112 So. 3d 731, 733 (Fla. 3d DCA 2013).

Trade secrets are privileged under section 90.506, Florida Statutes, but the privilege is not absolute. Freedom Newspapers, Inc. v. Egly, 507 So. 2d 1180, 1184 (Fla. 2d DCA 1987). Information constituting trade secrets can be obtained in discovery under certain circumstances. To determine if those circumstances exist, a trial court generally must follow a three-step process:

(1) determine whether the requested production constitutes a trade secret;

(2) if the requested production constitutes a trade secret, determine whether there is a reasonable necessity for production; and

(3) if production is ordered, the trial court must set forth its findings.

Gen. Caulking Coating Co., Inc. v. J.D. Waterproofing, Inc., 958 So. 2d 507, 508 (Fla. 3d DCA 2007).

Trade secrets are defined in Florida's Uniform Trade Secrets Act as:

[I]nformation, including a formula, pattern, compilation, program, device, method, technique, or process that:

(a) derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and

(b) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

4

§ 688.002(4), Fla. Stat. (2013). Examples of trade secrets include confidential business information such as a customer list, when the list is not just a compilation of information readily available to the public, but rather acquired or compiled through the owner's industry. Kavanaugh v. Stump, 592 So. 2d 1231, 1232 (Fla. 5th DCA 1992); E. Colonial Refuse Serv., Inc. v. Velocci, 416 So. 2d 1276, 1278 (Fla. 5th DCA 1982).

To determine whether the requested information constitutes a trade secret, the trial court may perform an in camera inspection or other document examination. Messer v. E.G. Pump Controls, Inc., 667 So. 2d 321, 322 (Fla. 1st DCA 1995) (holding a departure from the essential requirements of law occurred when the trial court ordered production of documents without first conducting an examination of the documents or an in camera review); Summitbridge Nat. Invs. LLC v. 1221 Palm Harbor, L.L.C., 67 So. 3d 448, 450 (Fla. 2d DCA 2011) (determining whether a trade secret exists usually requires an in camera review).

A trial court may also hold an evidentiary hearing. Bright House Networks, LLC v. Cassidy, 129 So. 3d 501, 506 (Fla. 2d DCA 2014) (determining whether a trade secret exists usually requires the court to perform either an in camera review of the information or an evidentiary hearing). Such a hearing may include expert testimony. Lovell Farms, Inc. v. Levy, 641 So. 2d 103, 105 (Fla. 3d DCA 1994) (remanding for either an in camera inspection or evidentiary hearing with expert

testimony that would establish the existence of a trade secret). Expert testimony may be particularly useful in cases where the trial court does not have the requisite experience in examining the subject information. See, e.g., Revello Med. Mgmt., Inc. v. Med-Data Infotech USA, Inc., 50 So. 3d 678, 680 (Fla. 2d DCA 2010) ("If the circuit judge does not have the requisite experience in examining [computer source] code, he may wish to appoint a neutral computer expert to review [the party's] program.").

Of course, in a case where it is undisputed that the information requested is a trade secret, an inspection or hearing may not be required to determine that a trade secret exists. See Columbia Hosp. (Palm Beaches) Ltd. P'ship v. Hasson, 33 So. 3d 148, 150 (Fla. 4th DCA 2010). The burden is on the party resisting discovery to show that the information sought is a trade secret. Am. Exp. Travel Related Servs., Inc. v. Cruz, 761 So. 2d 1206, 1209 (Fla. 4th DCA 2000).

If the materials are trade secrets, the court must then determine whether there is a reasonable necessity for production. Gen. Caulking Coating Co., 958 So. 2d at 509. Once a party has demonstrated that the information sought is a trade secret, the burden shifts to the party seeking discovery to demonstrate reasonable necessity for production. Scientific Games, Inc. v. Dittler Bros., Inc., 586 So. 2d 1128, 1131 (Fla. 1st DCA 1991) (citing Goodyear Tire & Rubber Co. v. Cooey, 359 So. 2d 1200, 1202 (Fla. 1st DCA 1978)). This requires a trial court to decide

6

whether the need for producing the documents outweighs the interest in maintaining their confidentiality. <u>See</u> <u>Gen. Caulking Coating Co.</u>, 958 So. 2d at 509.

Such an inquiry should not be conducted in a "vacuum or on a mere whim." <u>Beck v. Dumas</u>, 709 So. 2d 601, 603 (Fla. 4th DCA 1998). In this regard, a trial court generally cannot rely on arguments of counsel alone. <u>Id.</u> (holding a trial court departed from the essential requirements of law in denying an evidentiary hearing and relying solely on an attorney's argument that he "needed" the requested production, where "the matters were of a highly technical nature, and the court candidly acknowledged its lack of familiarity with the requested materials"). It is, however, conceivable for a trial court to do so "on a matter with which the court is familiar and which is not the subject of a genuine factual dispute." <u>Id.</u>

As noted above, if the trial court ultimately decides to order production of trade secrets, it must set forth findings on these points. <u>Gen. Caulking Coating Co.</u>, 958 So. 2d at 509 ("Because the order under review makes no specific findings as to why it deemed the requested information not to be protected by the trade secret privilege we find that 'it departs from the essential requirements of the law for which no adequate remedy may be afforded to petitioners on final review.'" (quoting <u>Arthur Finnieston, Inc. v. Pratt</u>, 673 So.2d 560, 562 (Fla. 3d DCA 1996))).

Further, if disclosure is ordered, the trial court should take measures to limit any harm caused by the production. See § 90.506 ("When the court directs disclosure, it shall take the protective measures that the interests of the holder of the privilege, the interests of the parties, and the furtherance of justice require.").[1]

In this case, the parties disputed whether the requested customer lists, customer contact information, and pricing information were trade secrets. Triangle Fire, for example, maintains that the requested customer lists are a compilation of information readily available to the public as opposed to information acquired or compiled through Sea Coast Fire's industry. The trial court departed from the essential requirements of the law by failing to conduct the necessary inquiry and determine whether the information requested constituted trade secrets. See Cooper Tire & Rubber Co., 112 So. 3d at 734; Messer, 667 So. 2d at 322.

Petition granted; orders quashed.

---

[1] Examples of measures taken by courts to protect trade secrets include, but are not limited to, the following: (a) specifying individuals that may have access to the materials for the limited purposes of assisting counsel in the litigation; (b) requiring that the designated confidential materials and any copies be returned or destroyed at the end of the litigation; (c) allowing the disclosure of the trade secret to only counsel and not to the clients; and (d) requiring all attorneys who request access to confidential information to first sign an attached agreement and be bound by its restrictions. See Capital One, N.A. v. Forbes, 34 So. 3d 209, 213 (Fla. 2d DCA 2010); Cordis Corp. v. O'Shea, 988 So. 2d 1163, 1165 (Fla. 4th DCA 2008); Bestechnologies, Inc. v. Trident Envtl. Sys., Inc., 681 So. 2d 1175, 1177 (Fla. 2d DCA 1996).