# Third District Court of Appeal

## State of Florida

Opinion filed March 16, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-0105
Lower Tribunal No. 12-40404

_____

**Bank of America, N.A.,**
Petitioner,

vs.

**The Bank of New York Mellon, et al.,**
Respondents.


A Writ of Certiorari to the Circuit Court for Miami-Dade County, William Thomas, Judge.

Liebler, Gonzalez & Portuondo, and Alan M. Pierce, for petitioner.

Graham Legal, P.A., and H. Dillon Graham, III, for respondent Adelfo Giz.


Before FERNANDEZ C.J., and EMAS and BOKOR, JJ.

BOKOR, J.

Non-party petitioner, Bank of America, seeks certiorari relief from the trial court's orders requiring production of certain documents, most pertinently, policies and procedures relating to lost note affidavits. Because Bank of America objected to production and claimed that the policies and procedures sought constituted trade secrets, the trial court should have conducted the requisite *in camera* analysis or evidentiary hearing, made findings, and, if appropriate, ordered measures to protect the confidentiality of trade secrets that it ordered produced.

The disclosure of "cat-out-of-the-bag" information, such as trade secrets, can constitute irreparable harm. Cooper Tire & Rubber Co. v. Cabrera, 112 So. 3d 731, 733 (Fla. 3d DCA 2013). However, information that may constitute a trade secret is discoverable, based on a reasonable necessity for such documents. See Sea Coast Fire, Inc. v. Triangle Fire, Inc., 170 So. 3d 804, 807–08 (Fla. 3d DCA 2014) (citing Gen. Caulking Coating Co., Inc. v. J.D. Waterproofing, Inc., 958 So. 2d 507, 508 (Fla. 3d DCA 2007) (setting forth the three-step process for determining if circumstances warrant production of trade secrets). The failure to follow the mandated procedure before ordering the production of possible trade secrets constitutes a violation of clearly established law and the possibility

of irreparable harm, warranting certiorari relief.  See Sea Coast Fire, 170 So. 3d at 809.[1]

If, after conducting the appropriate review, the trial court orders production of materials it finds to be trade secrets, it must establish appropriate protective measures.  See id.  "[I]f the trial court ultimately decides to order production of trade secrets, it must set forth findings on these points . . . [and] take measures to limit any harm caused by the production."  Id. (citing section 90.506, Florida Statutes).  "When the court directs disclosure, it shall take the protective measures that the interests of the holder of the privilege, the interests of the parties, and the furtherance of justice require."  Id. (quoting section 90.506, Florida Statutes).  We take no position on the ultimate merits of the trade secret claim.  We simply note that if, after the analysis, the trial court determines trade secrets are implicated, the trial court must also fashion the appropriate protective measures.

---

[1] To support a petition for writ of certiorari, the petitioner must demonstrate that the challenged non-final order (1) departs from the essential requirements of law, (2) results in material injury for the remainder of the case, and that (3) such injury is incapable of correction on postjudgment appeal. Citizens Prop. Ins. Corp. v. San Perdido Ass'n, Inc., 104 So. 3d 344, 351 (Fla. 2012).  The last two elements are sometimes referred to as irreparable harm, the establishment of which is a condition precedent to invoking certiorari jurisdiction. Nader v. Fla. Dep't of Highway Safety & Motor Vehicles, 87 So. 3d 712, 721 (Fla. 2012); Miami-Dade County. v. Dade Cnty. Police Benevolent Ass'n, 103 So. 3d 236, 238 (Fla. 3d DCA 2012).

Bank of America had the duty to request an evidentiary hearing or *in camera* inspection of the materials it claimed were trade secrets. It didn't do so—at first. Bank of America's objections referenced trade secrets, but it failed to request an evidentiary hearing or *in camera* inspection at the hearing on the objections. Bank of America first alerted the trial court to the need for an evidentiary hearing or *in camera* inspection in its motion for reconsideration. Bank of America's failure to request such relief in the first instance through its objections, or at the hearing thereon, was at its own peril. We emphasize that, in the context of an objection to the production of trade secrets, the onus remains on the proponent of the evidentiary hearing to raise the issue with the court in the first instance, or risk waiving such argument.[2]

---

[2] We would be performing a different analysis if the trial court denied the motion for reconsideration or did not accommodate the hearing and render an order on the motion for reconsideration in a timely manner. A trial court does not abuse its discretion in denying a motion for reconsideration or rehearing which raises an issue that could have, but wasn't, raised in the initial motion or at the initial hearing. See, e.g., Umana v. Citizens Prop. Ins. Corp., 282 So. 3d 933, 935 (Fla. 3d DCA 2019) (quoting Knowles v. JPMorgan Chase Bank, N.A., 994 So. 2d 1218, 1219–20 (Fla. 2d DCA 2008)) ("A trial court has the discretion to refuse to consider a counter-affidavit presented for the first time on a motion for rehearing of a summary judgment as being too late.").

Additionally, since the motion for reconsideration doesn't toll the deadline to seek review of the original order, Bank of America benefitted from the trial court's quick and responsive setting of the hearing and rendition of the order on the motion for reconsideration, all within the time necessary to

Accordingly, we quash the orders under review to the extent they order production of the disputed policies and procedures and remand to the trial court to address the trade secret issue under the <u>Sea Coast Fire</u> test identified above.  To the extent the orders under review require production of materials for which Bank of America claims no trade secret, we find no basis for certiorari relief as to those portions of the orders.

Petition granted in part and denied in part.

file this petition for certiorari within 30 days of the original order.  <u>See</u> <u>Couto v. People's Tr. Ins. Co.</u>, 320 So. 3d 224, 225 (Fla. 3d DCA 2021) (quoting <u>LaCarrere v. Reilly</u>, 987 So. 2d 816, 816 (Fla. 3d DCA 2008) ("Unlike authorized and timely motions directed to a final order, however, motions for reconsideration or rehearing of non-final orders are unauthorized and, therefore, do not toll the thirty-day time limit for filing the notice of appeal."); <u>see</u> <u>also</u> Fla. R. App. P. 9.100(c)(1) (requiring a petition for certiorari to be filed within 30 days of rendition of the order to be reviewed).