# Third District Court of Appeal

## State of Florida

Opinion filed July 20, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-635
Lower Tribunal No. 20-20667
_____

## NexusVC and First Health Solutions, LLC,
Petitioners,

vs.

## Hieg Partners, LLC, et al.,
Respondents.

On Petition for Writ of Certiorari from the Circuit Court for Miami-Dade County, David C. Miller, Judge.

A Case of Original Jurisdiction – Prohibition.

Payton & Associates, LLC, and Harry A. Payton and Susan M. Mohorcic; Kula & Associates, P.A., and Elliot B. Kula, W. Aaron Daniel, and William D. Mueller, for petitioners.

Rhea P. Grossman (Fort Lauderdale); Anthony J. Alfero (Fort Lauderdale) for respondent Hieg Partners, LLC.

Before LOGUE, HENDON, and GORDO, JJ.

LOGUE, J.

NexusVC, LLC and First Health Solutions, LLC (collectively "Nexus") petition this Court for a writ of certiorari seeking to quash the trial court's discovery order denying their request for production of Hieg Partners, LLC's customer lists. Hieg Partners argued the customer lists were trade secrets. We dismiss the petition for certiorari because the document request at issue requested customer lists—which are trade secrets as a matter of law—and Nexus has failed to show a reasonable necessity for the documents.

Nexus also petitions this Court for a writ of prohibition seeking to disqualify the trial judge. We dismiss the petition at this time because the trial court's statements bearing on the requested discovery do not evince any pre-judgment of Nexus's case.

<u>Facts Relevant to Both Petitions</u>

According to the verified amended complaint, Nexus is a healthcare management and marketing company that sells life and health insurance policies. First Health is a NexusVC subsidiary. Nexus alleges that several of First Health's former employees, all of whom were employed under noncompete and nondisclosure agreements, used the knowledge of Nexus's customer lists to operate Hieg Partners, LLC. Hieg Partners operates under one of Nexus's former employee's insurance agent license to market and sell health insurance products in competition with Nexus.

After filing its complaint, Nexus served Hieg Partners with a request for production. One of the requests asked for "[d]ocuments containing the names of all insureds to whom Hieg Partners sold health and/or life insurance in 2020 and 2021." Hieg Partners filed an objection to the request and moved for a protective order arguing that its customer lists were privileged as trade secrets. After holding a non-evidentiary hearing, the trial court granted the motion for a protective order.

The trial court's reasoning for denying the request for production is contained in its written order:

> 6. Defendant's counsel has represented that his client, the Defendant, HIEG bought customer leads. Accordingly, as to every prior customer of Plaintiff that Plaintiff's counsel identifies as a former customer of the Plaintiffs, in an Interrogatory or Request to Produce the Defendant, HIEG will produce evidence of the purchase of that customer via the purchase of the leads from a third party, if that customer is also a customer of Defendant, HIEG. The Court finds that, this is the only way to resolve this issue and for Plaintiff to determine why a customer did not sign up again with the Plaintiff
>
> 7. That the Plaintiff has stated that they do not wish to produce any of their prior customer's names and the Court finds that if Plaintiff can't name a single customer that was lost because of alleged theft by the Defendant, HIEG then Plaintiff has no business being in a lawsuit and this lawsuit should not have been filed.
> . . .

9. The Court finds that this case should not have been filed unless the Plaintiff is prepared to identify the customers that they claim were lost or stolen as a result of actions by the Defendants, HIEG and in doing so seek to require Defendant, HIEG to produce what Defendant, HIEG asserts to be records purchasing the lists of customer leads on which these names will be found if they are a customer of Defendant, HIEG. The Court finds that this is the only fair way to go about this.

. . .

12. The Court finds that neither side should be compelled to provide their customer lists, especially Defendant, HIEG who was brought into Court involuntarily. The Plaintiffs having made the allegations, need to put some type of meat on the bones i.e. produce proof of the names of the customers who were alleged to be stolen by Defendant, HIEG and then seek to require the Defendant to produce proof that they purchased the name through a customer lead company if they are also a customer of Defendant, HIEG.

13. The Court rejects and denies the request by Plaintiff to appoint a Special Master and finds that if the Plaintiff is not willing to give up prior customers names, then the Defendant, HIEG should not have to either because the Defendant, HIEG has proffered through counsel that they paid money for these customer leads.

After the trial court rendered its order, Nexus moved to disqualify the trial judge based on statements made both at the hearing and in its written order. Specifically, Nexus takes issue with the trial court's assertion that Nexus should not have brought this case if it was unwilling to provide the names of its clients and former clients that it believes were improperly

4

solicited by Hieg Partners. In an affidavit attached to the motion to disqualify, John Paul Medina, a Nexus principal, stated that "according to [his] attorney, the judge at the . . . hearing was acting as though the plaintiffs were the 'bad guys' by his tone and by imposing a demand for document production that was never requested by the defendants." Other statements alleged to have been made at the hearing were reflected in the trial court's order.

ON PETITION FOR CERTIORARI

"To grant certiorari relief, there must be: '(1) a material injury in the proceedings that cannot be corrected on appeal (sometimes referred to as irreparable harm); and (2) a departure from the essential requirements of the law.'" Fla. Power & Light Co. v. Cook, 277 So. 3d 263, 264 (Fla. 3d DCA 2019) (quoting Nader v. Fla. Dep't of Highway Safety & Motor Vehicles, 87 So. 3d 712, 721 (Fla. 2012)). As repeatedly explained by our Supreme Court:

> Since it is impossible to list all possible legal errors serious enough to constitute a departure from the essential requirements of law, the district courts must be allowed a large degree of discretion so that they may judge each case individually. The district courts should exercise this discretion only when there has been a violation of a clearly established principle of law resulting in a miscarriage of justice.

Nader, 87 So. 3d at 722 (quoting Combs v. State, 436 So. 2d 93, 95–96 (Fla.1983)). "This standard, while narrow, also contains a degree of flexibility

5

and discretion." Id. at 723 (quoting Haines City Cmty. Dev. v. Heggs, 658 So. 2d 523, 530 (Fla. 1995)).

Section 90.506, Florida Statutes (2021), governs the discoverability and use of trade secrets in litigation. The statute creates an evidentiary privilege regarding trade secrets, but that privilege is not absolute. Sea Coast Fire, Inc. v. Triangle Fire, Inc., 170 So. 3d 804, 807 (Fla. 3d DCA 2014). Before granting a protective order regarding a claimed trade secret, the trial court must engage in a three-part inquiry: "the trial court must determine whether the requested production constitutes a trade secret; if so, the court must require the party seeking production to show reasonable necessity for the requested materials . . . . If production is then ordered, the court must set forth its findings." Sheridan Healthcorp, Inc. v. Total Health Choice, Inc., 770 So.2d 221, 222 (Fla. 3d DCA 2000) (citing Rare Coin-it, Inc. v. I.J.E., Inc., 625 So.2d 1277, 1278-79 (Fla. 3d DCA 1993)).

We do not believe the trial court's failure to conduct an evidentiary hearing or an in-camera review of the requested documents was a departure from the essential requirements of the law when the document request was for a customer list. Confidential business information, such as a customer list, is a trade secret. Sea Coast Fire, 170 So. 3d at 808. Accordingly, when a discovery request on its face seeks a customer list, the trial court is not

6

required to conduct any review before making a finding that the privilege applies.

Generally, our inquiry would not end here. Nexus could still be entitled to discovery of trade secret information if it could demonstrate a reasonable necessity for production. Id. However, Nexus has failed to provide any record of arguments made to the trial court regarding this necessity.[1] With no transcript of the hearing on the motion for protective order, we are left to consider only the arguments made in Nexus's response to the motion.[2] In response to the motion, Nexus only stated that it was working with Hieg Partners to appoint a Special Master to review both parties' business records. This statement did not demonstrate any reasonable necessity for production, which was Nexus's burden at this stage of the inquiry. See Goodyear Tire & Rubber Co. v. Cooey, 359 So. 2d 1200, 1202 (Fla. 1st DCA 1978).

Nexus also asks us to quash the trial court's protective order because, as it claims, the trial court required disclosure of its own trade secret information without affording due process of notice and a fair opportunity to

---

[1] Sunset Harbour Condo. Ass'n v. Robbins, 914 So. 2d 925, 928 (Fla. 2005), as revised on denial of reh'g (Nov. 3, 2005) ("As a general rule, it is not appropriate for a party to raise an issue for the first time on appeal.").
[2] See Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1979).

be heard. Our review of the trial court's order reveals no such requirement. The trial court specifically stated that it was not requiring either party to turn over its confidential business records at this juncture. Instead, the trial court appears to have been commenting on Nexus's failure to show its reasonable necessity for the records by failing to point to any client it claims to have been solicited. Because these statements do not require Nexus to do anything, they do not satisfy the jurisdictional prerequisite that Nexus show irreparable harm from the trial court's order.

Petition dismissed.

## ON PETITION FOR PROHIBITION

A petition for a writ of prohibition is the proper vehicle to challenge a trial court's order denying a motion to disqualify. See Vialva v. Nunez, 328 So. 3d 378, 379 (Fla. 3d DCA 2021). The Florida Rules of General Practice and Judicial Administration provide for the disqualification of a judge when "the party reasonably fears that he or she will not receive a fair trial or hearing because of specifically described prejudice or bias of the judge." Fla. R. Gen. Prac. & Jud. Admin. 2.330(d)(1).

To determine the legal sufficiency of a motion to disqualify, we look to whether the facts, as alleged, would cause "the movant to have a well-founded fear that he or she will not receive a fair trial at the hands of that

judge." Parker v. State, 3 So.3d 974, 982 (Fla. 2009). "The allegations of fact that are contained in the motion must be taken as true, and the question of disqualification focuses not on what the judge intended, but rather how the message is received and the basis of the feeling." State v. Dixon, 217 So. 3d 1115, 1121 (Fla. 3d DCA 2017) (internal quotations and citation omitted). A motion to disqualify must contain facts "germane to the judge's undue bias, prejudice, or sympathy." Scott v. State, 909 So. 2d 364, 367 (Fla. 5th DCA 2005).

The facts as stated in the motion to disqualify are not sufficient to require disqualification. The motion and attached affidavit base their assertions on the trial judge's "tone of voice" and manner. Instead, a litigant seeking to disqualify a judge must "allege specifically the facts and reasons upon which the movant relies as the grounds for disqualification." Fla. R. Gen. Prac. and J. Admin. 2.330(c)(2)(emphasis added). The facts must be stated with sufficient specificity that the trial court in the first instance, or a reviewing court on writ of prohibition, is able to determine whether they would cause a reasonable litigant to fear the trial court was prejudiced. See Jackson v. State, 599 So. 2d 103, 107 (Fla.1992). General assertions and subjective reactions to the judge's conduct, however, will not warrant relief. Krawczuk v. State, 92 So. 3d 195, 201 (Fla. 2012).

9

Finally, the motion to disqualify asserts that the trial judge determined that Nexus's client list was not entitled to confidentiality while Hieg Partner's list was. Any fear of the Petitioners in this regard, is not objectively reasonable given the trial court's written order. While the trial court did state in its order that Nexus should come forward with names of its clients it alleges to have been solicited, it did so only in its required assessment of whether Nexus had shown a reasonable necessity of entitlement to Hieg's client list. "[W]here a judge's comments are directed to the issue the court is currently handling, a motion to disqualify can be denied." Lukacs v. Ice, 227 So. 3d 222, 224 (Fla. 1st DCA 2017).

Petition dismissed.