DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ALL PAVING & SEALCOATING LLC, PATRICK DALY,** and
**ELIZABETH DALY,**
Appellants,

v.

**DAREN C. DALY** and **JAMIE A. SCHINDLER,**
Appellees.

No. 4D2025-0521

[May 13, 2026]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Jeffrey Richard Levenson, Judge; L.T. Case No. 062017CA014794AXXXCE.

Robert Jeffrey Hauser of Sniffen & Spellman P.A., West Palm Beach, for appellants.

Ryan Alexander Abrams and Ariel Juliann Grosfeld of Abrams Law Firm, P.A., Fort Lauderdale, for appellees.

FORST, J.

Appellants appeal from the trial court's order entering final judgment for Appellee Jamie Schindler as a sanction for Appellants disobeying discovery orders. Appellants argue the trial court erred in ordering them to disclose sensitive trade secrets to a hostile competitor without conducting the proper inquiry or making required findings. We agree with Appellants and reverse.

## Background

Appellants own a paving company called All Paving & Sealcoating LLC ("APS"). They sued their son Daren and his fiancée, Appellee,[1] alleging the

---

[1] "Appellee" herein refers only to Schindler because: 1) the order appealed is a partial final judgment that disposed of the whole case as to Schindler only; 2) her answer brief claims to speak only on her behalf; and 3) the record indicates the claims against Daren were dismissed pursuant to a bankruptcy order.

couple unlawfully converted a second paving company Appellants claim to own called All Paving, Inc. ("API"), along with trademarks and other property they claim to own. Appellants sought declaratory, injunctive, and monetary relief. Daren counterclaimed for breach of contract.

As discovery proceeded, Daren served Appellants with a request for production demanding "QuickBooks reports listing [Appellants'] five largest customers and suppliers and the total amount of sales and purchases, respectively, for each during the last year." When Appellants did not produce this evidence, Daren filed a motion to compel in May 2022. Both in the motion and at the hearing that followed, Daren indicated he was mirroring Appellants' discovery requests for production upon API by requesting the same items from APS.

Following a June 2022 hearing, the trial court granted Daren's motion to compel, requiring Appellants to provide an unfiltered copy of their QuickBooks records without password protection. The order contained no findings on the relevancy or admissibility of any of the evidence ordered to be produced.

Appellants moved for rehearing and for a protective order, arguing the discovery request for Appellants' "confidential and proprietary customer lists, supplier lists, price lists, and financial data . . . contained within the QuickBooks files . . . constitutes an invasion of [ ] trade secrets and confidential and proprietary business information, and should not be allowed." The trial court denied the motion for reconsideration and protective order without explanation.

On July 7, 2022, Appellants filed a petition for writ of certiorari in this court, seeking to quash the June 2022 order compelling production of the QuickBooks evidence. We denied the petition without discussion.

Appellants raised this argument—that their QuickBooks records included sensitive trade secrets which should be protected from disclosure—in eight more written filings and at four hearings. In several of these filings, Appellants expressly argued, citing caselaw which we discuss below, that before ordering disclosure, the trial court was required to make findings as to whether the requested information included trade secrets, whether the need for producing the documents outweighed the interest in maintaining the documents' confidentiality, and what protective measures would be appropriate to limit the harm caused by the production.

2

In November and December 2024, the trial court imposed some limits on disclosures, but continued to require disclosure of the QuickBooks evidence under threat of sanctions. In January 2025, the trial court held an evidentiary hearing on Appellants' noncompliance with the discovery orders. When Appellants tried to address the merits of the trade secrets issue at the hearing, the trial court interrupted to say, "I'm sorry, I don't want to get into the substance because we have done that already."

The trial court proceeded to take evidence from Appellants, who testified at length about the merits of the case in general, the QuickBooks data and technical issues with that information, and how Daren would misuse the data if it were disclosed. Appellants specifically testified that customer lists, insurance payments, overhead, and unredacted bank statements are all APS trade secrets, disclosure of which to a hostile, untrustworthy competitor would be devastating to the business. On cross-examination, Appellee's counsel reviewed Appellants' noncompliance with the orders after having raised the trade secret argument numerous times.

Following the hearing, the trial court entered an order striking Appellants' complaint and entering final judgment for Appellee. After the denial of Appellants' motion for rehearing, this appeal followed.

## Analysis

"[N]on-final orders are reviewable by an appellate court at the time the final order is entered." *Shannon v. Cheney Bros. Inc.*, 157 So. 3d 397, 399 (Fla. 1st DCA 2015); *see also Constr. Consulting, Inc. v. Dist. Bd. of Trs. of Broward Coll.*, 347 So. 3d 14, 17 n.1 (Fla. 4th DCA 2022) ("The appeal from the final judgment brings up for review all interlocutory orders entered as a necessary step in the proceeding." (quoting *Auto Owners Ins. Co. v. Hillsborough Cnty. Aviation Auth.*, 153 So. 2d 722, 724 (Fla. 1963))); Fla. R. App. P. 9.110(h); Fla. R. App. P. 9.130(h).

"We review orders regarding discovery under an abuse of discretion standard." *Alvarez v. Cooper Tire & Rubber Co.*, 75 So. 3d 789, 793 (Fla. 4th DCA 2011). "A trial court is given wide discretion in dealing with discovery matters, and unless there is a clear abuse of that discretion, the appellate court will not disturb the trial court's order." *Id.* A trial court's order striking a party's pleadings for disregard of discovery orders is also reviewed for an abuse of discretion. *Tobin v. Tobin,* 117 So. 3d 893, 895 (Fla. 4th DCA 2013).

When a party asserts trade secret privilege as a basis for resisting the production of documents, "the court must first determine whether the

requested production constitutes a trade secret; if so, the court must require the party seeking production to show reasonable necessity for the requested materials; if production is then ordered, the court must set forth its findings." *Beck v. Dumas*, 709 So. 2d 601, 603 (Fla. 4th DCA 1998). *See also Sea Coast Fire, Inc. v. Triangle Fire, Inc.*, 170 So. 3d 804, 807–08 (Fla. 3d DCA 2014); *Gen. Caulking Coating Co., Inc. v. J.D. Waterproofing, Inc.*, 958 So. 2d 507, 508 (Fla. 3d DCA 2007); *Bright House Networks, LLC v. Cassidy*, 129 So. 3d 501, 505–06 (Fla. 2d DCA 2014).

"Confidential business information, such as a customer list, is a trade secret. Accordingly, when a discovery request on its face seeks a customer list, the trial court is not required to conduct any review before making a finding that the privilege applies." *NexusVC v. Hieg Partners, LLC*, 347 So. 3d 440, 445 (Fla. 3d DCA 2022) (citation omitted); *see also Sea Coast Fire*, 170 So. 3d at 808 ("Examples of trade secrets include confidential business information such as a customer list, when the list is not just a compilation of information readily available to the public, but rather acquired or compiled through the owner's industry.").

Florida appellate courts have found a departure from the essential requirements of the law where trial courts ordered production of documents without conducting the proper review to determine whether production would reveal trade secrets. *See Sea Coast Fire*, 170 So. 3d at 809 ("The trial court departed from the essential requirements of the law by failing to conduct the necessary inquiry and determine whether the information requested constituted trade secrets."); *Gen. Caulking Coating Co.*, 958 So. 2d at 509 ("Because the order under review makes no specific findings as to why it deemed the requested information not to be protected by the trade secret privilege[,] we find that it departs from the essential requirements of the law for which no adequate remedy may be afforded to petitioners on final review." (citation and quotation marks omitted)); *Messer v. E.G. Pump Controls, Inc.*, 667 So. 2d 321, 322 (Fla. 1st DCA 1995); *Lovell Farms, Inc. v. Levy*, 641 So. 2d 103, 105 (Fla. 3d DCA 1994).

Here, the trial court failed to sufficiently conduct the required inquiry into whether Appellants' QuickBooks documents containing customer lists were trade secrets and whether a reasonable necessity required production. The trial court repeatedly issued orders ruling against Appellants without engaging with these arguments or making the relevant written findings. On the contrary, the trial court expressly stated it was ordering disclosure "without a determination of the relevancy or admissibility" of the information, instead emphasizing the number of times it had ordered the same disclosures, calling them "the cost of doing business" and saying, "[w]e've already been down that road." As such, the

trial court neglected its duty to limit discovery to information that is "relevant to the subject matter of the case and . . . admissible or reasonably calculated to lead to admissible evidence." *Allstate Ins. Co. v. Langston*, 655 So. 2d 91, 94 (Fla. 1995).

Furthermore, "[w]hen the court directs disclosure, it shall take the protective measures that the interests of the holder of the privilege, the interests of the parties, and the furtherance of justice require." § 90.506, Fla. Stat. (2024). The record indicates the trial court failed to do so.

Finally, one of the trial court's orders claimed this Court "upheld the [trial court's] discovery order requiring these records through [our] denial of [Appellants'] petition for writ of certiorari," and the trial court suggested at a late 2024 hearing that Appellants were "flouting . . . the DCA orders" by refusing to disclose the QuickBooks records. However, "[a] simple denial of certiorari without opinion is not an affirmance and does not establish the law of the case. Such a denial cannot be construed as passing upon any of the issues in the litigation and would not be res judicata as to the issues raised in the petition for certiorari." *Bared & Co., Inc. v. McGuire*, 670 So. 2d 153, 158 (Fla. 4th DCA 1996) (citation modified); *see also Shaps v. Provident Life & Acc. Ins. Co.*, 826 So. 2d 250, 253 (Fla. 2002) ("[W]e point out here again that denial of certiorari by an appellate court cannot be construed as a determination of the issues presented in the petition therefor and cannot be utilized as precedent or authority for or against the propositions urged or defended in such proceedings." (quoting *S. Bell Tel. & Tel. Co. v. Bell*, 116 So. 2d 617, 619 (Fla. 1959))). To the extent the trial court here based its rulings on the premise that we had already adjudicated the merits of the discovery orders by denying certiorari without opinion, that was error.

## Conclusion

The trial court erred in failing to sufficiently conduct the inquiries, or set out the findings, mandated by *Beck*, *Sea Coast Fire*, *Bright House Networks*, and *General Caulking* when Appellants claimed a trade secret privilege. Accordingly, we reverse the final judgment and all discovery orders which ordered disclosure of alleged trade secrets and remand for further proceedings consistent with this opinion.

*Reversed and remanded for further proceedings.*

LEVINE and SHEPHERD, JJ., concur.

\* \* \*

*Not final until disposition of timely-filed motion for rehearing.*